Linda **SEWELL, Individually and on Behalf of the Estate of Elizabeth Sue Sorrells, Deceased, Appellant,**

v.

**John J. ADAMS, M.D., Appellee.**

**No. B14–92–00791–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 13, 1993.

Jake Johnson, Houston, for appellant.

John D. Ellis, Jr., Marilyn Kulifay, Cecilia H. Ducloux, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

Appellant, Linda Sewell, Individually and on behalf of the Estate of Elizabeth Sue Sorrells, Deceased, appeals from a partial summary judgment granted in favor of appellee, John J. Adams, M.D. Appellant filed a medical malpractice suit against appellee and the hospital where her mother, Mrs. Sorrells, was treated before her death. After summary judgment was granted for the doctor, the judgment was made final by a severance order. Appellant brings five points of error. We reverse and remand.

During the late evening of February 9, and early morning of February 10, 1989, appellee treated Mrs. Sorrells in the emergency room of American Health Care Management, Inc., d/b/a/ Pasadena General Hospital (the Hospital). The morning of February 10, 1989, Mrs. Sorrells was admitted to the hospital's Intensive Care Unit under the care of Charles D. Bessire, M.D., her attending physician. On March 11, 1989, Mrs. Sorrells experienced cardiopulmonary failure. Appellee, the emergency room physician on duty, was summoned. When he arrived at her bedside, she had no pulse, no respiration, and no other sign of

life. Appellee pronounced Mrs. Sorrells dead at that time.

■ Appellee does not dispute that appellant gave timely notice to the hospital of her claim on April 20, 1989; however, appellant did not send a notice letter to appellee before suit was filed.[1] Appellant filed this suit on February 11, 1991. On June 5, 1991, appellee moved for summary judgment, claiming lack of notice and that appellant's suit against him is barred by limitations. He supported his motion with his own affidavit and an affidavit from Dr. Bessire. Appellant responded to the summary judgment motion, alleging her suit was not barred by limitations and that notice was given to appellee. She contends that her suit is not barred because her notice to the hospital tolled the limitations period for 75 days.

The trial court granted the summary judgment on August 2, 1991. Appellant filed a motion for new trial on August 21, 1991. This motion was premature because there was no final judgment. Appellee moved for severance, and the trial court signed an order severing appellee's judgment from the remaining action against the hospital on March 23, 1992. Appellant filed another motion for new trial on April 14, 1992.

Initially, we address appellee's challenge to this court's jurisdiction. Appellee claims that appellant has failed to duly perfect her appeal. First, appellee alleges appellant failed to timely file a motion for new trial in the case under appeal because he asserts that the motion was filed under the original cause number rather than the severed cause number. The judgment from which appellant appeals was filed under the original cause number, and then transferred to the severed cause number. Appellee contends that when a motion for new trial is filed in the original action instead of the

---

1. Appellant's notice letter to appellee is dated June 27, 1991, after appellee's motion for summary judgment was filed. This first notice was delivered by courier on June 27, 1991. Appellant alleges she sent a subsequent notice letter by certified mail, as required by the statute, on August 6, 1992, and attached a copy to her brief; however, attachments to briefs are not a part of

the record on appeal. TEX.R.APP.P. 50(a). An appellate court cannot consider documents attached as exhibits or appendices to briefs or motions that are not a part of the appellate record. *Mitchison v. Houston Ind. School Dist.*, 803 S.W.2d 769, 771 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

severed action, the time for filing the appeal bond in the severed action is not extended.

▮ In our opinion, either the first or second motion for new trial was sufficient to extend the time for perfecting appellant's appeal. A premature motion for new trial may be deemed timely filed on the date of, but subsequent to, the signing of the judgment. TEX.R.APP.P. 58(a); TEX. R.CIV.P. 306c; *White v. Baker & Botts*, 833 S.W.2d 327, 328 (Tex.App.—Houston [1st Dist.] 1992, writ filed). A premature motion may extend the time for filing an appeal bond. *Miller v. Hernandez*, 708 S.W.2d 25, 26 (Tex.App.—Dallas 1986, no writ). Therefore, appellant's August 21, 1991 motion is deemed filed on the date of, but after, the severance order, and extends the time to perfect appellant's appeal.

▮ Appellant's second motion for new trial was filed, apparently under the original cause number, less than 30 days after the summary judgment became final, which occurred on March 23, 1992, the date of the severance order.[2] The Texas Supreme Court has determined that a motion for new trial filed under the original cause number rather than the severed cause number may be sufficient to invoke appellate jurisdiction. *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex.1992). An instrument that is a "bona fide attempt to invoke appellate court jurisdiction" is sufficient to confer jurisdiction. *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (per curiam). Here, appellant clearly made a "bona fide attempt" to invoke our jurisdiction. Decisions of the courts of appeals should turn on substance rather than procedural technicality. *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121 (Tex.1991) (per curiam). Therefore, we conclude that appellant's second motion was sufficient to extend the appellate timetable.

▮ Appellee also claims that appellant failed to timely file her deposit in lieu of cost bond to perfect her appeal. Appellant asserts that she timely filed the cash deposit on June 22, 1992, the deadline for perfecting her appeal. Appellant's motion for new trial extended the deadline for her cost deposit until the 90th day after the summary judgment became final, or on June 21, 1992. Because the 90th day fell on Sunday, the deadline was extended to June 22, 1992. TEX.R.APP.P. 5(a). The district clerk's certificate for the cash deposit recites: "This cash deposit was received ... on the 22nd day of June, 1992." However, the certificate is dated June 23, 1992. We find that the date the cash deposit was received, rather than the date of the certificate, is controlling. A civil appeal is perfected when the bond or cash deposit is "filed or made." TEX.R.APP.P. 40(a)(1). Thus, the critical date is the date of deposit of the bond or its substitute. *Evans v. Gulf Oil Corp.*, 840 S.W.2d 500, 505 (Tex. App.—Corpus Christi 1992, writ denied). We hold that appellant timely perfected her appeal and this court has jurisdiction to hear it. Consequently, we overrule appellant's motion to amend her cost deposit, which was taken with the case.

Now, we address appellant's points of error. In her first point of error, she asserts that summary judgment was in error because the statute of limitations had not run on her cause of action against appellee. We agree.

▮ The standard to be followed in review of a summary judgment is well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor.

---

2. Even though both parties assert the second motion was filed under the original cause number, the record before this court contains a motion for new trial filed by appellant on April 14, 1992, bearing the cause number for the severed action.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). We will affirm a summary judgment for a defendant if the record establishes the defendant has proved all elements of its affirmative defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

■ In our analysis of appellant's claim, we must apply the notice and limitations provisions of the Texas Medical Liability and Insurance Improvement Act (the Act).[3] The Act permits the commencement of an action within two years from the occurrence of the breach or tort, or from the date of the medical or health care treatment. TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon 1964). This period is an absolute two-year period which begins to run, at the latest, when the treatment is completed. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985).

Here, appellee claims that the last date he provided any medical treatment to Mrs. Sorrells was February 10, 1989, and that limitations expired on February 10, 1991, one day before suit was filed. Appellant contends that appellee's actions in pronouncing death on March 11, 1989, constituted treatment. She argues that this "treatment" extends the limitations period to March 11, 1991, making her suit timely filed.

■ In addition to timely filing suit, a claimant must give 60 days notice of his claim to each physician or health care provider, prior to the filing of a lawsuit. TEX. REV.CIV.STAT.ANN. art. 4590i § 4.01(a) (Vernon Supp.1993). This notice provision is mandatory. *Schepps v. Presbyterian Hos-*

*pital of Dallas,* 652 S.W.2d 934, 938 (Tex. 1983). The failure to serve a particular health care provider with notice of a claim, however, results only in abatement as to that defendant. *Id.*

If notice is given pursuant to the Act, the statute of limitations is tolled for 75 days. TEX.REV.CIV.STAT.ANN. art. 4590i § 4.01(c) (Vernon Supp.1993). The Act provides that the tolling "shall apply to all parties and potential parties." *Id.* The central question in this appeal is whether appellant may send notice to one health care provider and have the statute of limitations tolled as to a different provider.

■ The Texas Supreme Court has recently addressed this issue and determined that when notice is sent to any health care provider within two years of the claim's accrual, the limitations period for all defendants is tolled for 75 days. *De Checa v. Diagnostic Center Hospital, Inc.,* 852 S.W.2d 935, 937–38 (1993). In this case, because notice was timely sent to the hospital, the statute of limitations as to appellee is tolled for 75 days. It is immaterial to this appeal whether the statute began to run on February 10, 1989 or March 11, 1989; the February 11, 1991 lawsuit was filed before limitations expired, based on either beginning date, because the statute was tolled for 75 days.

■ We conclude that the grounds asserted in appellee's motion for summary judgment are insufficient as a matter of law to support the judgment. Appellant's first point of error is sustained. Having found error requiring reversal, we need not address appellant's other points of error. Because suit was filed within the limita-

---

**3.** The pertinent sections of article 4590i provide:

Section 4.01(a):

Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

Section 4.01(c):

Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the

giving of the notice, and this tolling shall apply to all parties and potential parties.

Section 10.01:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. . . .

TEX.REV.CIV.STAT.ANN. art. 4590i, §§ 4.01(a) & (c) & 10.01 (Vernon Supp.1993).

tions period and notice to appellee was not sent until after suit was filed, the only remedy for failure to provide the statutory presuit notice is abatement. *De Checa*, 852 S.W.2d at 938–39. Therefore, upon appellee's request, the trial court shall abate the suit for sixty days pursuant to *De Checa*.

We reverse the summary judgment and remand this cause to the trial court for a trial on the merits.