Carol Lynn CARY, Appellant,

v.

Randall Allen CARY, Appellee.

No. 01–94–00940–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 2, 1995.

Victor N. Makris, Houston, for appellant.

Walter P. Mahoney, Jr., Pasadena, for appellee.

Before OLIVER–PARROTT, C.J., and ANDELL and HEDGES, JJ.

## OPINION

HEDGES, Justice.

In this case, we are asked to decide whether a rule 11 agreement entered into as a result of court-ordered mediation may be the basis of a *consent judgment* if one party withdraws consent to the rendition of judgment. We hold that it cannot.

The issues in this divorce action filed in August 1991 involve only the division of property. In five points of error, Carol Lynn Cary (wife) complains that the trial erred in granting the divorce decree. We reverse and remand for further proceedings.

### Facts

Culminating a long and tortuous series of legal proceedings, the trial court ordered the parties to mediate the dispute. On April 21, 1994, a rule 11 agreement was signed by both parties as a result of a protracted mediation proceeding. Four days later, wife filed a notice of "possible repudiation" of settlement agreement. TEX.R.CIV.P. 11. Appellee, Randall Allen Cary (husband), then filed a motion to render final decree of divorce, based on the rule 11 agreement.

On May 10, 1994, the trial court held a hearing on husband's motion to render final decree of divorce. Wife had repudiated the rule 11 agreement, and withdrew consent to the rendition of judgment. Nevertheless, the trial court ruled that it was a valid agreement under TEX.CIV.PRAC. & REM.CODE ANN. ch. 154 (Vernon Supp.1995) (covering alternative dispute resolution) and announced that it would render a *consent decree* based on it. The hearing was recessed to allow wife and

her counsel to review the proposed decree of divorce and verify that it accurately reflected the rule 11 agreement.

On May 24, 1994, the court reconvened the hearing on husband's motion to render the final decree of divorce. Both parties appeared by attorney, and no objection was made that the proposed decree did not accurately reflect the agreement reached during mediation. Wife did assert her withdrawal of consent. The decree of divorce was rendered over the objection of wife's counsel. On June 3, 1994, wife filed a motion for new trial and again raised the issue of the repudiation of the rule 11 agreement. The trial court denied the motion for new trial on July 22, 1994.

### Consent to Rule 11 Agreement

In point of error one, appellant contends that the trial court erred in granting a consent decree because the rule 11 agreement on which it was based lacked wife's consent.

▪ If the parties reach a settlement through alternative dispute resolution procedures and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract. TEX.CIV.PRAC. & REM.CODE ANN. § 154.071(a) (Vernon Supp.1995). Under that section, "a party may enforce the agreement without the other party's consent under contract law." *Stevens v. Snyder,* 874 S.W.2d 241, 243 (Tex.App.—Dallas 1994, writ denied).

It has long been the law of this state that a court cannot render a valid consent judgment unless at the time of rendition, all parties consent to the agreement underlying the judgment. *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 291 (1951); *Vineyard v. Wilson,* 597 S.W.2d 21, 23 (Tex.Civ.App.—Dallas 1980, no writ). "Therefore, a party has the right to revoke his consent at any time before the rendition of judgment." *Quintero v. Jim Walter Homes, Inc.,* 654 S.W.2d 442, 444 (Tex.1983). Furthermore, the Family Code provides that:

[t]o promote amicable settlement of disputes on the divorce or annulment of a marriage, the parties may enter into a written agreement concerning the division of all property and liabilities of the parties and maintenance of either of them. The agreement may be revised or repudiated prior to rendition of the divorce or annulment unless it is binding under some other rule of law.

TEX.FAM.CODE ANN. § 3.631(a) (Vernon 1993).

Husband contends that because the rule 11 agreement emanated from a *court-ordered* mediation proceeding, wife cannot withdraw her consent. As authority, he cites *In re Marriage of Ames,* 860 S.W.2d 590, 592 n. 1 (Tex.App.—Amarillo 1993, no writ). *Ames* recognizes the line of cases holding that "a valid consent judgment cannot be rendered unless consent exists at the time the court undertakes to make the agreement the judgment of the court." *Id.* The court held that "[t]hese cases are inapplicable to agreements reached pursuant to alternative dispute resolution procedures described in chapter 154 of the Texas Civil Practice and Remedies Code." *Id.*

▪ We disagree with the Amarillo court and adhere to the concept that consent of the parties is required up to the moment of rendition of the consent judgment, no matter how the agreement was reached. We find nothing in chapter 154 that would confer some sort of heightened dignity to an agreement reached through mediation. We agree with husband that an agreement facilitated by court-ordered mediation is enforceable as a contract. *Stevens,* 874 S.W.2d at 243. Similarly enforceable are voluntary mediation-inspired agreements and rule 11 agreements. *Id.* But none of these agreements obviate the necessity of consent at the time of the rendition of judgment.

Husband argues that chapter 154 controls § 3.631(a) of the Family Code, basing his argument on the concluding language "unless [the agreement] is binding under some other rule of law." He would identify "some other rule of law" as the alternative dispute resolution provisions. Our reading of chapter 154 does not persuade us that agreements which are fruits of that process relieve the trial court of the necessity of consent of all parties when a consent judgment is rendered.

Were we to hold otherwise, we would transform mediation into binding arbitration. The Legislature has crafted a distinction between the two procedures and their effects, which we are not authorized to alter. We reject husband's argument that our holding will make mediation meaningless. Mediation will continue to provide an efficient method of dispute resolution, and agreements reached thereby will continue to be enforceable *between* the parties. We merely decline to elevate mediation to something other than the Legislature declared by statute.

Husband is not totally bereft. He retains a cause of action for breach of contract, which may be tried contemporaneously with his divorce suit. His remedies may include both contract damages and specific performance, where applicable.

We sustain point of error one. Our holding renders consideration of wife's other points unnecessary.

We reverse the judgment of the trial court and remand this case for further proceedings.