ABLE CABLING SERVICES, INC., Appellant,

v.

AARON–CARTER ELECTRIC, INC. and Carter R. McAlexander, Individually, and Goldie L. McAlexander, Individually, Appellees.

No. 01–99–00897–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 23, 2000.

Rehearing Overruled May 5, 2000.

---

John F. DeMille, Houston, for Appellant.

John Anthony Saur, Houston, for Appellees.

Panel consists of Justices O'CONNOR, NUCHIA, and DUGGAN.*

## OPINION

MICHOL O'CONNOR, Justice.

Able Cabling Services, Inc., the appellant (plaintiff), sued Aaron–Carter Electric, Inc., Carter R. McAlexander, and Goldie L. McAlexander, the appellees (defendants), for damages arising from the split of shareholders that formed the plaintiff. The plaintiff appeals the rendering of a judgment as to which it had withdrawn its consent.

In three points of error, the plaintiff claims: (1) the trial court abused its discretion in entering a judgment when consent was withdrawn based on discovery of new evidence; (2) the trial court erred in denying the plaintiff's motion for new trial

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

because new evidence was discovered and consent withdrawn; (3) the trial court erred in applying Rule 11 to this case by entering a judgment when consent of a party was wanting because of discovery of material evidence that breached the settlement agreement. We reverse and remand.

## Facts

At the temporary injunction hearing, the first hearing in these proceedings, the plaintiff announced to the trial court that, in discussing the case, the parties had "settled the entire matter." The plaintiff's counsel then dictated the terms of the agreement into the record. The defendants' counsel clarified a couple of dates and then the following occurred:

> Plaintiff's counsel: That's correct, Your Honor. That's our agreement.
>
> The Court: That's your agreement?
>
> Defendants' counsel: Yes, sir.
>
> The Court: The judgment will be rendered in accordance with the terms dictated into the record. Ya'll need to bring me whatever final judgment you want.

In the following months, the defendants returned computers and books to the plaintiff.[1] In reviewing these items, the plaintiff found that the defendants had collected on additional plaintiff accounts and had also transferred ownership of a truck from the plaintiff to the defendant corporation. Upon discovering this new evidence, the plaintiff filed a motion to set aside settlement.

At the hearing on the plaintiff's motion and the defendants' motion to enter judgment, the trial court denied the plaintiff's motion and signed the judgment on the

settlement. The plaintiff then filed a motion for new trial. After a hearing, the motion was denied.

## First Issue

■ In its first point of error, the plaintiff claims the trial court abused its discretion by entering a judgment when consent was withdrawn due to discovery of new evidence. The plaintiff argues the judgment was no longer valid and should not have been entered.

The defendants contend the trial court rendered judgment at the first hearing. As a result, the defendants claim the plaintiff cannot argue lack of consent.

■ A court cannot render a valid consent judgment unless, at the time of rendition, all parties consent to the agreement underlying the judgment. *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 291 (1951); *Cary v. Cary*, 894 S.W.2d 111, 112 (Tex.App.—Houston [1st Dist.] 1995, no writ). Therefore, a party has the right to revoke his consent at any time before the rendition of judgment. *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995); *Cary*, 894 S.W.2d at 112.

■ Judgment is rendered whenever the court officially announces its decision in open court, or files a memorandum with the clerk.[2] *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 59 (Tex.1970). Entry of judgment is a ministerial act which memorializes the judicial act of rendition. *Flores v. Onion*, 693 S.W.2d 756, 758 (Tex. App.—San Antonio 1985, no writ).

Here, the trial court's statement that "the judgment *will be* rendered in accordance with the terms dictated into the record" implies rendition will occur at signing, when the trial court gets the final-

---

1. During the split of the plaintiff, the individual defendants took bookkeeping materials to help start the defendant corporation. Thus, part of the settlement stated these items be returned.

2. The defendants argue that the docket sheet memo, dated that same day, expressly states

judgment was *rendered* in the case. The defendants argument, however, is incorrect because the docket sheet was not filed with the clerk until after judgment was signed. The law specifically states that judgment is rendered when the memo is *filed* with the clerk. *See, e.g., Comet Aluminum*, 450 S.W.2d at 59.

ized settlement from the parties. This interpretation is supported by the court's next statement: "Ya'll need to bring me whatever final judgment ya'll want."

 Although it is undisputed that the trial court approved the settlement, approval of a settlement does not necessarily constitute rendition of judgment. *See, e.g., S & A Restaurant Corp. v. Leal,* 892 S.W.2d at 857 (Tex.1995). In *Leal,* the Supreme Court said the words used by the trial court must indicate a *present intention* to render judgment. 892 S.W.2d at 858 (emphasis added). The rendition of judgment is a *present act* which decides the issues upon which the ruling is made. *Reese v. Piperi,* 534 S.W.2d 329, 330 (Tex. 1976) (emphasis added).

 The judge's intention to render judgment in the future cannot be a present rendition of judgment. *Leal,* 892 S.W.2d at 858; *Reese,* 534 S.W.2d at 330. Further, the words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed. *Leal,* 892 S.W.2d at 858.

 The trial court did not render judgment at the settlement hearing.[3] Because a trial court cannot render a valid consent judgment unless, at the time, all parties agree, we sustain point of error one and remand the cause to the trial court for further proceeding.[4]

---

**3.** The defendants argue that, regardless of whether the trial court rendered judgment or not, the parties had a valid Rule 11 agreement. The law of contracts applies to Rule 11 agreements. *Padilla v. LaFrance,* 907 S.W.2d 454, 460 (Tex.1995); *Ronin v. Lerner,* 7 S.W.3d 883, 886 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

**4.** Because we sustain the plaintiff's first point of error, we need not address the remaining points.