IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00062-CR

No. 10-09-00063-CR

 

P. David Romei,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court Nos. 07-04489-CRF-361
and 07-04491-CRF-361

 



ORDER



 

            The reporter’s record in these appeals
was originally due over one year ago on March 13, 2009.  After substantial effort by this Court, a reporter’s record was filed on October 19, 2009.  The Court has now been informed by letter dated February 22, 2010 that appellant requested preparation of a “supplemental” reporter’s record because appellant discovered
that the reporter’s record filed on October 19, 2009 was incomplete.  

            Because the items requested for
inclusion in the “supplemental” reporter’s record were actually requested in
appellant’s original request, the request would be better characterized as a
request to complete the reporter’s record.  We will, nevertheless, refer to is
as a supplemental record.

            To date no supplemental reporter’s
record has been filed.

            It is the joint responsibility of this
Court and the trial court to ensure that the appellate record is timely filed. 
Tex. R. App. P. 35.3(c). 
Further, this Court may enter any order necessary to ensure the timely filing
of the appellate record.  Id.  Accordingly, the supplemental reporter’s
record is ORDERED to be filed no later than 7 days from the date of this order.

            Failure to file the reporter’s record
as herein ordered will result in an abatement order for the trial court, the
Honorable Steve Smith of the 361st District Court, to determine, working with
the official reporter, Felix Thompson, a date certain by which the supplemental
reporter’s record will be filed.

            Further, all briefing schedules are
suspended until further order of the Court.

 

                                                                        PER
CURIAM           

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed April 7, 2010

Publish





          In March 1995, Clopton filed a Motion to Set Temporary Injunction Hearing. At the
hearing on March 10, the court referred the matter to mediation under Chapter 154 of the Civil
Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §§ 154.001-154.073 (Vernon
Supp. 1995). Clopton and Mountain Peak's attorney met with the mediator on March 14 and, as
a result of the mediation, executed a handwritten "Settlement Agreement" stating:
Subject only to presentation and ratification by the Board of Mt. Peak Water
Supply Corp. ("Mt. Peak") pursuant to the Open Meetings Act, Mt. Peak, through
its attorney, and John B. Clopton, Jr. ("JBC") agree to settle the matters made the
subject of Cause No. 161-94 in the 18th District Court of Johnson County Tx ("the
Lawsuit") on the following terms:
1) Mt. Peak will utilize the form of Proxy attached hereto as Exhibit "A"
in connection with the 1995 Annual Meeting;
2) The Lawsuit will be dismissed as to all claims and counterclaims with
prejudice, with each party to bear its own costs[; and]
3) Mt. Peak and JBC will execute a mutual release of any and all claims
arising out of or related to the matters made the subject, or which could have been
made the subject, of the Lawsuit.
That same evening, Mountain Peak's board of directors approved the settlement agreement. 
          On March 16, Clopton sent Mountain Peak's attorney a letter stating that he had "revisited"
the settlement agreement and had found "serious problems." On April 4, at the annual meeting
of the members of Mountain Peak, Clopton stated that he wanted to "go on the record" that he was
"going to renege on his agreement." The next day, April 5, Mountain Peak's attorney wrote a
letter telling the trial court these details. Counsel enclosed a proposed Order of Dismissal and sent
a copy of the letter and order to Clopton. 
          On April 7, the court signed the order of dismissal. That same day, Clopton filed a
"Motion to Request a Hearing for Application for a Decree of Rescission on Written Settlement
Agreement in Connection with Court-Ordered Mediation Held on March 14, 1995." Clopton later
filed a motion for new trial, which was overruled by operation of law, attacking the dismissal
order and seeking to have it set aside.
POINTS OF ERROR
          Clopton's first point states that the court erred in entering the order of dismissal because
he had repudiated the settlement agreement. Mountain Peak argues that a settlement agreement
reached through court-ordered mediation is not revocable and that Clopton should not be allowed
to prevent the court from enforcing the settlement agreement.
          Section 154.071 of the Alternative Dispute Resolution Procedures provides in part:
(a) If the parties reach a settlement and execute a written agreement
disposing of the dispute, the agreement is enforceable in the same manner as any
other written contract.
Id. § 154.071(a). Mountain Peak argues that settlement agreements reached through court-ordered
mediation may not be unilaterally repudiated, citing Matter of the Marriage of Ames, 860 S.W.2d
590, 591 (Tex. App.—Amarillo 1993, no writ). Clopton, on the other hand, argues that a court
cannot enter a consent judgment based on a court-ordered mediation if one of the parties
withdraws his consent prior to the rendition of judgment, citing Cary v. Cary, 894 S.W.2d 111,
112 (Tex. App.—Houston [1st Dist.] 1995, no writ).
          Both Mountain Peak and Clopton agree that mediated settlement agreements are
enforceable under contract law. Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a); Cary, 894
S.W.2d at 112; Ames, 860 S.W.2d at 591. The question is whether the court—aware of the
possibility that Clopton would not consent to the entry of a judgment based on the settlement
agreement—erred in dismissing Clopton's claims without notice or hearing. We hold that it did.
          A court-ordered, mediated settlement agreement is enforceable "in the same manner as any
other written contract." Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a). The same
procedures used to enforce other contracts should apply to mediated settlement agreements. 
Martin v. Black, No. 14-94-00531-CV, slip op. at 6 (Tex. App.—Houston [1st Dist.] 1995,
n.w.h.). Thus, Mountain Peak is entitled to enforce the agreement, if otherwise valid, by
obtaining a judgment—by consent, by summary judgment, or by a jury or non-jury trial. See id.
("the only applicable vehicles for obtaining judgment on a dispute over whether a contract exists
are (1) a motion for summary judgment, if no fact issue exists, and (2) a non-jury or jury trial, if
a fact issue exists").
          Here, however, Mountain Peak unilaterally asked the court to dismiss Clopton's claims in
spite of his March 16 letter asserting "serious problems" with the settlement agreement and his
April 4 appearance at the annual meeting to "go on the record" because he was "going to renege
on his agreement." Mountain Peak's April 5 letter to the court stated that there was "no reason
why the enclosed Settlement Agreement does not authorize the Court to dismiss this case with
prejudice." It mailed a copy of the letter and proposed dismissal order to Clopton, telling him to
communicate to the court any objections to the entry of the judgment "immediately, in writing." 
The letter erroneously asked the court to sign the dismissal order if the court did not hear from
Clopton "shortly." 
          The letter and proposed order are both file-marked at 10:05 a.m. on April 7; the court
signed the dismissal order on April 7, although a time is not specified; Clopton filed a "Motion
to Request a Hearing for Application for a Decree of Rescission of Written Settlement Agreement"
at 3:19 p.m. on April 7. The order of dismissal was entered without Clopton's consent and
without benefit of "an applicable vehicle" by which Mountain Peak could enforce the settlement
agreement by asking the court to enter judgment. Martin, No. 14-94-00531-CV, slip op. at 6. 
We believe the court erred in dismissing the cause. We sustain point one.
          We do not determine whether Clopton may repudiate the settlement agreement. Clopton's
withdrawing his consent to entry of a judgment does not necessarily make the settlement agreement
unenforceable. Stevens v. Snyder, 874 S.W.2d 241, 244 (Tex. App.—Dallas 1994, writ denied). 
A party can enforce the agreement even though the other party has withdrawn consent to the
judgment. Id. However, the party seeking to enforce the agreement must provide proper pleading
and proof to support enforcing the settlement agreement under contract law. Id. We simply
remand this cause to the trial court to give Mountain Peak the opportunity to plead and prove that
the settlement agreement should be enforced as a contract and to give Clopton an opportunity to
plead any defenses. 
          Having sustained point one, we do not reach the remaining points. We set aside the
dismissal order and remand the cause to the trial court for further proceedings.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed November 29, 1995
Publish