

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00237-CV

**MARY ALICE EMANUEL, ERVIN MITCHEL
EMANUEL, SHIRLEY ANN RIVERS, JAMES
EDWARD EMANUEL, ROY LEONARD EMANUEL,
CLAUDIA FAY HASHEMI AND EVELYN M. DUPLESSIS,**

**Appellants**

 **v.**

**DARRELL EARL EMANUEL
AND CEDRIC ROYDELL EMANUEL,**

**Appellees**

_____

**From the 87th District Court
Leon County, Texas
Trial Court No. 0-10-465**

_____

# MEMORANDUM  OPINION

_____

This dispute centers on attorney's fees awarded to appellees in relation to a Rule 11 agreement.  The case began when appellees, Darrell Earl Emanuel and Cedric Roydell Emanuel, filed suit on December 7, 2010, against appellants, Mary Alice Emanuel, Ervin Mitchel Emanuel, Shirley Ann Rivers, James Edward Emanuel, Roy Leonard Emanuel,

Claudia Fay Hashemi, and Evelyn M. Duplessis, and Barbara Jean Harris-Williams, seeking a judicial partition of real property located in Leon County, Texas. Prior to trial, on August 10, 2011, the parties entered into a Rule 11 agreement, which memorialized the parties' intent to partition the subject property. The agreement provided the following:

> The parties have agreed on the partition of the approximately 55.183 acres in the John Q. Adams Survey, A-48, in Leon County, TX. It is agreed that the Plaintiffs [appellees] in the referenced lawsuit will receive approximately 7.97 acres out of the 55.183 acres as set out in a rough draft sketching of the property illustrated in Exhibit "A," attached hereto and incorporated herein for all purposes. Further, the parties agree that Mr. David Free of Free and Associates, will survey the property and provide a metes and bounds description of the 7.97 acres. Plaintiffs will bear the cost of the survey. Thereafter, Plaintiff's counsel will prepare a partition deed and circulate for signatures.
>
> This letter may be filed with the Court as a Binding Rule 11 Agreement.

Counsel for Harris-Williams and appellees entered into their own Rule 11 agreement dated August 22, 2011, to the same effect.

On November 17, 2011, appellees filed two partition deeds, one executed by appellees and the other containing signature panels for appellants and Harris-Williams. On January 2, 2012, Harris-Williams filed her executed partition deed; however, appellants did not file theirs.

In response to appellants' failure to file their partition deeds, appellees filed a "Motion to Enforce Rule 11 Motions to Sign Deed." On May 10, 2012, the trial court conducted a hearing on appellees' motion to enforce. At the conclusion of the hearing, the trial court ordered appellants to execute the partition deeds within twenty-one days

of June 11, 2012. Thereafter, appellants objected and moved for sanctions in the form of costs and attorney's fees against appellees. Appellees responded to appellant's motion for sanctions by requesting sanctions of their own, also in the form of attorney's fees.

On October 1, 2012, appellants signed the partition deed. Thereafter, the trial court conducted a hearing on the parties' motions for sanctions and took the issue of attorney's fees under advisement. Ultimately, the trial court awarded appellees $7,500 in attorney's fees. Later, the trial court signed a judgment nunc pro tunc granting appellees' request for attorney's fees in the same amount. It is from this judgment that appellants appeal.

On August 25, 2015, this Court sent appellants a letter questioning our jurisdiction. In particular, we noted that appellees sought a judicial partition of real property; however, the record does not contain a judgment finally disposing of the underlying partition suit. Appellants responded to our letter by arguing that the trial court's granting of appellees' motion to enforce the Rule 11 Agreement disposed of the underlying partition suit. Besides general case law pertaining to final judgments, appellants did not cite any relevant authority for this proposition.

Appellants' position appears to be contrary to Texas Supreme Court precedent. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014). Specifically, the Texas Supreme Court has stated:

> Texas Rule of Civil Procedure 11 provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. We have generally treated Rule 11 agreements as separate and distinct from agreed judgments thereon. *See, e.g., Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (per curiam) (discussing when a court can

"render an agreed judgment on the settlement agreement"); *Padilla v. LaFrance*, 907 S.W.2d 454, 462 (Tex. 1995) ("[T]he announcement of the agreement in open court and its notation on the docket cannot give it the force of a judgment." (quoting *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 292 (Tex. 1951))); *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984) ("[N]otwithstanding a valid Rule 11 agreement, consent must exist at the time an agreed judgment is rendered."). But nothing in the rules of procedure prohibits a Rule 11 agreement from being, itself, an agreed judgment, so long as the agreement meets the requirements for a final judgment. A judgment is final "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakeable clarity that it is a final judgment as to all claims and all parties." *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001)); *Able Cabling Servs., Inc. v. Aaron-Carter Elec., Inc.*, 16 S.W.3d 98, 100-01 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). However, a trial court's "approval of a settlement does not necessarily constitute rendition of judgment," because rendition of judgment requires a "present act" to "decide the issues." *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857-58 (Tex. 1995) (per curiam) (citing *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976)). When parties dictate a settlement agreement on the record (creating an enforceable agreement under Rule 11) and the trial court approves it on the record, such a settlement agreement does not constitute an agreed judgment unless "[t]he words used by the trial court . . . clearly indicate the intent to render judgment at the time the words are expressed." *Id.* at 858.

*Id.*

Once again, we note that the record does not contain a judgment disposing of the underlying partition suit. Moreover, the trial court's nunc pro tunc order addressing attorney's fees does not operate to dispose of all remaining claims and parties. And to the extent that appellants argue that the trial court's order on the motion to enforce the Rule 11 agreement disposed of the underlying partition suit, we note that the trial court did not, at any point, express that its order on the motion to enforce was intended to be a

final judgment in the underlying partition suit.[1] *See id.* Additionally, nothing in the record indicates that the underlying partition suit was dismissed once the deeds were signed.

Therefore, based on the foregoing, we conclude that appellants' appeal from the trial court's nunc pro tunc order granting attorney's fees constitutes an impermissible interlocutory appeal. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2015) (listing orders from which an interlocutory appeal may be filed); *Lehmann*, 39 S.W.3d at 195, 206 (noting that an appeal may be taken only from a final judgment and certain interlocutory orders identified by statute and that a trial court's order is not final where the record demonstrates the existence of claims or parties not mentioned in the order); *Padilla*, 907 S.W.2d at 462. Accordingly, we conclude that we have no appellate jurisdiction over appellants' complaints about the trial court's nunc pro tunc order

---

[1] At a hearing on objections to the Rule 11 agreement that were filed by appellants, the trial judge stated the following:

> I don't agree with you, and I've got a—I don't agree with you at all after looking at the file. I've got an order. I've already got an order entered. So what—I've got an order entered enforcing the Rule 11 agreement. There's nothing for the Court to decide.

Appellants argue that this statement clearly indicates that the trial court believed that all pending claims were resolved. However, when reviewing this statement in context, we find that the trial court was merely responding to appellants' counsel, who had argued that the Rule 11 agreement should not be enforced because Harris-Williams was involved in the case. Appellants contended throughout this case that Harris-Williams should not have been included in the partitioning of the property because she was not a part of the Rule 11 agreement. Nevertheless, the trial judge's statements do not clearly indicate that all pending claims had been resolved. In fact, appellants were trying to raise an issue at the time the statement was made. We read the trial judge's statement to reflect that she was not going to rehear argument on the validity of the Rule 11 agreement.

granting attorney's fees to appellees.  *See In re Vaishangi, Inc.*, 442 S.W.3d at 259; *Lehmann*, 39, S.W.3d at 192, 195, 206.  This appeal is hereby dismissed.[2]


AL SCOGGINS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed October 1, 2015
[CV06]



---

[2] All pending motions are dismissed as moot.