**Opinion issued May 18, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00706-CV

_____

**SHAMIM MEMON AND DISCOVERY MM SERVICES, INC., Appellants**

**V.**

**VY THUAN NGUYEN AND VY NGUYEN & ASSOCIATES, PLLC,**
**Appellees**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-41068**

---

## MEMORANDUM OPINION

Appellants Shamim Memon and Discovery MM Services, Inc. sued Vy Thuan Nguyen and Vy Nguyen & Associates, PLLC (collectively, "Nguyen" or "appellees") for legal malpractice and related claims arising from their

representation in a breach-of-contract case ("*Meisner* case").[1] A court-appointed Receiver in the *Meisner* case intervened in the trial court below and settled the claims against appellees, resulting in an agreed judgment. The trial court denied appellants' motion to set aside the agreed judgment.

On appeal, appellants complain that: (1) there cannot be an agreed judgment without all parties' participation, (2) the Receiver did not have authority to enter the settlement, (3) the *Meisner* court was required to review the judgment before it was entered, (4) the Receiver's basis for intervening did not exist at the time of the judgment, (5) the Receiver could not settle the case without providing a credit to appellants against the *Meisner* judgment, (6) the Receiver was subject to discovery requests, and (7) the Receiver could not settle a legal malpractice claim while a grievance was pending. Because the turnover order provides the Receiver the authority to settle the case, the requirements for an agreed judgment are satisfied, and we are not the proper court to correct any potential errors in the turnover order, we affirm.

## Background

Nguyen represented appellants in the *Meisner* case. Nguyen failed to attend the arbitration in the *Meisner* case, and an arbitration award against appellants was

---

[1]   *Carl Meisner, M.D. and Gulf Coast Medical Research, LLC v. Shamim Memon and Discovery MM Services, Inc.*, No. 18-DCV-249080, in the 240th District Court in Fort Bend County, Texas.

confirmed as a final judgment. Appellants retained new counsel and moved to vacate the award, asserting that illness had prevented Nguyen from attending the arbitration and the arbitrator unreasonably denied a continuance. The *Meisner* court vacated the award and remanded the matter to the arbitrator. But the award was reinstated when the *Meisner* plaintiffs produced evidence that Nguyen appeared at another hearing during the arbitration, suggesting Nguyen's illness had been fabricated. Appellants sued Nguyen for legal malpractice, fraud, and deceptive trade practices ("Malpractice Action"), claiming Nguyen lied.

While the Malpractice Action was pending in the trial court below, the *Meisner* court appointed a Receiver to collect the final judgment against appellants. The Receiver was vested with the power to "settle or direct any litigation leading to a potential recovery of money or assets . . . ." She intervened in the Malpractice Action, pleading that she was a necessary party as "the sole person with authority to prosecute, or to authorize another to prosecute, the claims and causes of action asserted by [appellants] in [the Malpractice Action], and the sole person with authority to make decisions regarding any compromise or settlement of those claims and causes of action."

The Receiver ultimately settled the claims against Nguyen in the Malpractice Action, resulting in an agreed take-nothing judgment in Nguyen's favor. The trial

3

court signed the judgment. Appellants moved to set aside the judgment, and the trial court denied their motion.

**Receiver's Authority**

First, Appellants argue that because they did not participate in the agreed judgment, the trial court erred by signing it. Secondly, they contend that the Receiver lacked the authority to enter an agreed judgment. Appellees respond that the *Meisner* court's turnover order granted the Receiver the authority to control the course of the Malpractice Action, including the ability to settle claims. Because these issues overlap, we address them together.

**A.    Standard of Review**

An agreed judgment is interpreted as if it were a contract between the parties, and the interpretation of the judgment is governed by the laws of contracts. *See McCray v. McCray*, 584 S.W.2d 279, 281 (Tex. 1979); *Hydroscience Techs., Inc. v. Hydroscience, Inc.*, 401 S.W.3d 783, 796 (Tex. App.—Dallas 2013, pet. denied). Whether an agreement is legally enforceable is a question of law. *Ronin v. Lerner*, 7 S.W.3d 883, 886 (Tex. App.—Houston [1st Dist.] 1999, no pet.). We review questions of law de novo. *In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994).

**B.    Analysis**

It is undisputed that the Receiver was properly appointed by the *Meisner* court and intervened in the Malpractice Action. The turnover order states:

[T]he Receiver is vested with the right, power, and authority to take complete control and possession of all leviable property of [appellants] that is in the actual or constructive possession, custody or control of [appellants], to the exclusion of all other persons . . . as well as the following non-exempt property and that all such property, wherever located, shall be held in *custodia legis* of the Receiver as of the date of this Order . . . (8) causes of action or choses of action; (9) the right, power and authority to initiate and conduct the course of litigation to recover any debts, damages or property belonging to [appellants] . . . This Court Order further gives the Receiver the right, power and authority to commence, maintain, settle and control the course of litigation to recover any debts, damages or property belonging to [appellants] as well as the right, power and authority to settle or direct any litigation leading to the potential recovery of money or assets . . . .

Appellants rely on *Flores v. Sandoval* to support their contention that the trial court's agreed judgment is invalid because they did not participate in the Receiver's settlement with appellees or consent to entry of an agreed judgment. *See* No. 01-02-01197-CV, 2004 WL 966328, at *2 (Tex. App.—Houston [1st Dist.] May 6, 2004, no pet.) (mem. op.) (citing *Cary v. Cary*, 894 S.W.2d 111, 112 (Tex. App.—Houston [1st Dist.] 1995, no writ) ("It has long been the law of this state that a court cannot render a valid consent judgment unless at the time of rendition, all parties consent to the agreement underlying the judgment.")). But the turnover order allows the Receiver to settle a case. The order grants the Receiver the power take control of all leviable property of appellants, including causes of action, and the power to settle any litigation leading to the potential recovery of money or assets. Appellants do not allege any acts by the Receiver except those performed in her capacity as receiver.

5

Moreover, settling a cause of action is within the bounds of the turnover order. *See Davis v. West*, 317 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

Having concluded that the Receiver acted within the limits of the turnover order appointing her, we next must consider whether the requirements for an agreed judgment were satisfied. An agreed judgment is a final judgment on the merits. *In re J.G.W.*, 54 S.W.3d 826, 832 (Tex. App.—Texarkana 2001, no pet.). The agreement is no longer a contract among private individuals but a judgment of the court. *Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex. 1979) ("Despite the fact that a judgment has its genesis in an agreement between the parties, the judgment itself has an independent status."). An agreed judgment has the same effect as any court judgment. *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000). "[I]t has neither less nor greater force or effect than it would have had [if] it [had] been rendered after litigation, except to the extent that the consent excuses error and operates to end all controversy between the parties." *Id.* The judgment "must be in strict or literal compliance" with the terms of the settlement agreement. *Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex. 1976).

Appellees contend that because the agreed judgment complies with Rule 11 there is no issue here. TEX. R. CIV. P. 11. For a Rule 11 agreement to be enforceable, it must be either (1) in writing, signed, and filed as part of the record, or (2) it must be made in open court and entered of record. *Id.*; *Padilla v. LaFrance*, 907 S.W.2d

454, 460 (Tex. 1995). A Rule 11 agreement is valid if "a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony." *Padilla*, 907 S.W.2d at 460. Rule 11's purpose is to ensure that agreements of counsel affecting their clients' interests are not left to the fallibility of human recollection and so that the agreements themselves do not become sources of controversy. *Padilla*, 907 S.W.2d at 464 (Enoch, J., dissenting); *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Therefore, we must consider whether the agreement is in writing, signed, and filed as part of the record, or that it was made in open court and entered into the record. TEX. R. CIV. P. 11. It is undisputed that the judgment was put in writing, signed by the Receiver's counsel and appellees' counsel, and filed as part of the record. Thus, Rule 11 is satisfied. *See id.*

According to appellees, because they satisfied Rule 11, the trial court had no choice but to enforce the agreement. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex. 1996). But that is not the end of the analysis. When parties enter into a valid Rule 11 agreement to settle a case, the parties must consent to the agreement at the time the trial court renders judgment. *See Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984). "When a trial court has knowledge that one of the parties to a suit

7

does not consent to a judgment, the trial court should refuse to sanction the agreement by making it the judgment of the court." *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983).

A party may revoke its consent to a settlement agreement at any time before a court renders judgment on the agreement. *Padilla*, 907 S.W.2d at 461 ("[C]ourt cannot render a valid *agreed* judgment absent consent at the time it is rendered." (emphasis added)); *S & A Rest. Corp. v. 442 Leal*, 892 S.W.2d 855, 857 (Tex. 1995) ("A party may revoke its consent to a settlement agreement at any time before judgment is rendered on the agreement."). A trial court renders judgment when it "officially announces its decision in open court or by written memorandum filed with the clerk." *Leal*, 892 S.W.2d at 857. An agreed judgment rendered after one of the parties revokes its consent is void. *Id.*; *Samples Exterminators v. Samples*, 640 S.W.2d 873, 874–75 (Tex. 1982).

Here, the Receiver properly intervened in the trial court asserting that it had complete control and possession of appellants' cause of action through the turnover order. The validity of the turnover order is not at issue. So, we are left to review whether the Receiver and appellees consented at the time the agreed judgment was rendered. *See Kennedy*, 682 S.W.2d at 528–29 (requiring that Rule 11 be satisfied and that the parties consented for an agreed judgment to be valid). There is no dispute that Receiver and appellees consented to the judgment at the time it was rendered.

Their attorneys submitted the proposed judgment in agreement, and no one is asserting that either the Receiver or appellee revoked their consent prior to the trial court rendering judgment.

Next, we consider whether the judgment disposed of all remaining parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). A judgment is final if it states that it disposes of all claims and parties, or if the record evidences the intent that the judgment disposes of all claims and all parties. *See id.* at 192. The judgment here includes finality language stating that it "is a final judgment disposing of all claims that were raised or could have been raised before the [Court] among the parties."

Finally, appellants contend that the Receiver's decision to settle the Malpractice Action claims that were turned over and the turnover order itself violate public policy and the Texas Constitution. This appeal is not the proper vehicle to attack the *Meisner* court's turnover order. To the extent appellants argue that the turnover order contains an error by ordering them to surrender the Malpractice Action claims, they may not circumvent the ordinary process to correct the alleged error. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (non-jurisdictional deficiencies must be corrected on direct attack); *see also Davis*, 317 S.W.3d at 309–10 ("[T]urnover orders must be attacked on direct appeal.").

We overrule appellants' two issues.

9

## Review by the *Meisner* Court

Third, Appellants contend that the judgment required review by the *Meisner* court and the trial court before the judgment could be rendered. Appellees contend that there is no authority to support appellants' position.

Rule 38.1 requires an appellant's brief to "state concisely all issues or points presented for review," to "state concisely and without argument the facts pertinent to the issues or points presented . . . [and] be supported by record references," and to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (g), (i). Appellants have provided no authority to support their contention, nor have we found any. *Guimaraes v. Brann*, 562 S.W.3d 521, 545 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("A brief that does not contain citations to appropriate authorities and to the record for a given issue waives that issue."). Receivers may perform acts regarding the property at issue as authorized by the appointing court. *See* TEX. CIV. PRAC. & REM. CODE § 64.031(5). The turnover order issued by the *Meisner* court gave the Receiver the authority to take control of the appellants' causes of action, and the power to settle any litigation. Since appellants have failed to appropriately brief the issue as required, it is considered waived.

## Receiver's Intervention

Fourth, Appellants contend that the Receiver was an improper intervenor because she did not have a justiciable interest in the Malpractice Action.

Appellants argue that because the agreed judgment resulted in a "take[-]nothing" judgment, the Receiver no longer had a justiciable interest in the matter. Appellees disagree and rely in part on facts outside the appellate record. We do not consider exhibits or appendices to briefs or motions that are not part of the appellate record. *Sewell v. Adams*, 854 S.W.2d 257, 259 n.1 (Tex. App.—Houston [14th Dist.] 1993, no writ); *Mitchison v. Hous. Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ denied).

A party with a justiciable interest may intervene in a pending suit as a matter of right. *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019); *see* TEX. R. CIV. P. 60. A party may intervene if the intervenor could have "brought the [pending] action, or any part thereof, in his own name." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). The Receiver had the right to intervene under the authority given to her by the turnover order. The order grants the Receiver the power to take control of all of appellants' causes of action, to initiate litigation, and to settle any litigation. Because the Receiver could have initiated the lawsuit on her own, she had a justiciable interest in the case. *See id.*

We overrule appellants' issue.

11

**Credit toward *Meisner* Court's Judgment**

Fifth, Appellants contend that the Receiver's failure to recover any funds to satisfy the *Meisner* judgment conflicts with that judgment and the turnover order. Appellees respond that funds were recovered as part of the settlement and applied toward the satisfaction of the *Meisner* judgment.

Appellants note that sections 31.002 and chapter 64 of the Texas Civil Practice and Remedies Code are the basis of the Receiver's authority. No one disputes that a court may "appoint a receiver with the authority to take possession of non-exempt property . . . to the extent required to satisfy the judgment," TEX. CIV. PRAC. & REM. CODE § 31.002(b)(3), or that Chapter 64 addresses receivership, *id.* §§ 64.001–.108. However, appellants assert that because the Receiver agreed to a take-nothing judgment, she acted contrary to the *Meisner* court's turnover order and statutes. Appellants contend that this situation is like the situation in *Gillet v. ZUPT, LLC*, 523 S.W.3d 749 (Tex. App.—Houston [14th Dist.] 2017, no pet.), where the court of appeals addressed a trial court's turnover order on direct appeal. *Gillet* addressed a receiver's actions that were based on an inconsistency between the trial court's turnover order and its judgment. *Id.* at 759 (reversing turnover order that was inconsistent with final judgment).

As noted earlier, the turnover order gives the Receiver the authority to settle a cause of action that has been turned over. *See Davis*, 317 S.W.3d at 308. Here, in

what would be a collateral attack to the turnover order, appellants do not complain of such a conflict. This distinguishes *Gillet*. Instead, appellants complain that the Receiver violated the turnover order and statutes by settling a case under terms that do not provide a "credit" towards the *Meisner* judgment. This was not raised before the trial court, so it is not preserved for our review. See TEX. R. APP. P. 33.1(a) (requiring that motion state grounds for requested ruling "with sufficient specificity to make the trial court aware of the complaint.").

We overrule appellants' issue.

### *Meisner* Court Discovery Requests

Sixth, Appellants complain that the Receiver denied their requests for production in a separate discovery dispute before the *Meisner* court.

This argument was not raised before the trial court, so it is not preserved for our review. *See* TEX. R. APP. P. 33.1(a) (requiring that motion state grounds for requested ruling "with sufficient specificity to make the trial court aware of the complaint."). Appellants also rely on documents that are outside the appellate record. We cannot consider exhibits or appendices to briefs or motions that are not part of the appellate record. *Sewell*, 854 S.W.2d at 259 n.1. Because the issue was not preserved for review and appellants have provided the Court with no authority indicating that we may review the issue raised, we overrule appellants' issue.

13

**Pending Grievance**

Lastly, Appellants argue that because there is a grievance against Nguyen, the trial court should not have entered the agreed judgment in the Malpractice Action. Appellees respond that any pending grievance has no bearing on the trial court's ability to enter the agreed judgment.

The grievance discussed by appellants is outside the appellate record. We cannot consider exhibits or appendices to briefs or motions that are not part of the appellate record. *Sewell*, 854 S.W.2d at 259 n.1. Additionally, Rule 38.1 requires an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1 (i). Again, appellants have provided no authority to support their contention, nor have we found any. *Guimaraes*, 562 S.W.3d at 545. Because we cannot consider exhibits or appendices to briefs or motions that are not part of the appellate record and appellants have failed to identify any authority for the Court to address the issue, the issue is overruled.

**Conclusion**

We affirm the trial court's judgment.

Sarah Beth Landau
Justice

Panel consists of Justices Kelly, Landau, and Farris.