ACCEPTED
15-25-00044-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/15/2025 11:57 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00044-CV

# In The Fifteenth Court of Appeals
## at Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/15/2025 11:57:53 PM
CHRISTOPHER A. PRINE
Clerk

**UGALAHI OFFOBOCHE,**
Appellant,
V.

**COLLIN COUNTY, TEXAS, COLLIN COUNTY SHERIFF'S DEPUTIES MOUNGER, WATSON, AND MCMILLAN AND FORMER COLLIN COUNTY DEPUTY CONSTABLE RUMSFIELD**
Appellees.

On appeal from the 429th Judicial District Court, Collin County, Texas
Cause No. 429-08578-2024, The Honorable Jill Willis, Presiding

**APPELLANT'S REPLY BRIEF**

**U. A. C. OFFOBOCHE LAW FIRM**

/s/ Ugalahi Agbo Claire Offoboche
Ugalahi Agbo Claire Offoboche
State Bar No. 24068619
675 Town Square Blvd., Bldg. 1A, Ste. 200,
Garland, TX 75040
Ph:  469-315-0358
Fax: 214-853-5708
ugy@uacoffobochelaw.com
**PRO SE APPELLANT
UGALAHI OFFOBOCHE**

ORAL ARGUMENT IS NOT REQUESTED TABLE OF CONTENTS

# Table of Contents

Title Page

Table of Contents……………………………………………………………………..2

Index of Authorities………………………………………………………………...4

Summary of Argument……………………………………………………………..5

Preliminary objection to matters not in the appellate record and motion to strike Appellees Appendix.......................................................................................6

Law and Argument....………....…………………………………………………..9

I. Issues related to quashed subpoena are not moot because Appellant continues to suffer collateral consequences and Issuance of the Subpoena is capable of repetition yet evading review…………...………………………………….......10

II. Appellees have failed to substantiate the 429th Court's assertion of jurisdiction to adjudicate 193rd Trial Subpoenas…………….…...………….........................15

    A. Appellees have failed to show that Rule 176.6(e) applies to Trial Subpoenas and the Canons of Statutory Construction support Appellant's Interpretation'……………………………………………………………15

    B. Appellees' case law regarding dominant jurisdiction all apply to discovery subpoenas and do not address trial subpoenas…………………………..21

    C. Being unable to deny that they made false assertions of improper service of subpoena, Appellees claim that the issue is irrelevant and moot, when it did not appear to be moot at the hearing where the lies were told, is disingenuous…………………………………………………………..26

    D. The 429th lacked exclusive or dominant jurisdiction to issue the protective order hence any claim to the overbroad unsubstantiated order being limited is irrelevant……………………………………………….....................27

    E. The Four Texas Attorney General opinion rulings require disclosure of the basic information per 552.108(c), Appellees misinterpretation of the case law notwithstanding…....……………………………………………….....29

F.  Appellees having failed to negate the issues raised in Appellant's brief, appellant relies on appellant's corrected brief for any remaining issues…..35

Prayer………………………………………………………………………...35

Certificates

      Certificate of Compliance……………………………………………….37

      Certificate of Service……………………………………………………37

# INDEX OF AUTHORITIES

**Cases**

*Abott v. Mexican Am. Legis, Caucus*, 647 S.W.3d 681, 689 (Tex. 2022)........................................10

*Brown v. De La Cruz*, 156 S.W.3d 560, 568 (Tex. 2004) ................................................................19

*Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2000)......8

*City of Carrollton v. Paxton*, 490 S.W.3d 187, 197-198 (Tex. App.—Austin, 2016, pet. denied)........29

*City of Carrollton v. Paxton*, 490 S.W.3d 187, 197-200 (Tex. App.—Austin, 2016, pet. denied)........30

*City of Carrollton*, 490 S.W.3d at 190-202.................................................................................31

*City of Carrollton*, 490 S.W.3d at 201 ................................................................................. 31, 32

*City of Carrollton*, 490 S.W.3d at 202.......................................................................................34

*City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006). .....................................18

*City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003) ......................................21

*Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008). ..............19

*Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex.2008) .................18

*Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) ....................................................................24

*Houston Chronicle Publishing Co. v. City of Houston*, 531 S.W.2d 177, 186–87 (Tex. App.—Houston [14th Dist.] 1975) ................................................................................................34

*In re Dallas County*, 697 S.W.3d 142, 151 (Tex. 2024).............................................................10

*In re H.M.S.*, 349 S.W.3d 250 (2011)......................................................................................35

*In re J.M.*, 699 S.W.3d 685, 687-89 (Tex. App.—Houston [14th Dist.] 2024, no pet.).........................17

*In re J.M.*, No. 14-24-00478-CV (Tex. App.—Houston [14th Dist.] 2024, opinion delivered October 15, 2024).......................................................................................................... 11, 15

*In re KVIA-Channel 7*, 2024 Tex. App. LEXIS 5967 *7 (Tex. App.—El Paso Aug. 19, 2024, no pet. h.)(mem. op.), writ denied).........................................................................................11

*In re Seitel*, 2004 Tex. App. LEXIS 9690, at *2 (Tex. App.—Houston [14th Dist.], Nov. 2, 2004) .........26

*In re Sims*, 88 S.W.3d 297, 303 (Tex. App.—San Antono 2002, orig. proceeding) ..........................24

*In re Sims*, 88 S.W.3d at 302 ......................................................................................... 24, 33

*In re Sims*, 88 S.W.3d at 303 .....................................................................................24, 25, 27

*Lane v. State*, 933 S.W.2d 504, 515 n.12 (Tex. Crim. App. 1996) (en banc)...................................29

*Latham v. Thornton*, 806 S.W.2d 347, 350 (Tex. App.—Fort Worth 1991, orig. proceeding)............22

*Leordeanu v. Am. Protection Ins. Co.*, 330 S.W.3d 239, 248 n.35 (Tex. 2010) ...............................18

*Medlin v. King*, 705 S.W.3d 267, 285 (Tex. App.— El Paso 2024).................................................17

*Melendez v. Exxon Corp.*, 998 S.W.2d 266, 280 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ......8

*Paxton v. Escamilla*, 590 S.W.3d 617, 621-622 (Tex. App.—Austin 2019, pet. denied) .....................32

*Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) .........................8

*Sewell v. Adams*, 854 S.W.2d 257, 259 (Tex. App.—Houston [14th Dist.] 1993, no writ) ...................8

*Tex. Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, No. 23-0192, Txcourts.gov at *25-26 (Tex. May 30, 2025) ................................................................................12, 14, 27

*Tex. Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, No. 23-0192, Txcourts.gov at *30 (Tex. May 30, 2025) ................................................................................. 10, 12

*Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 865 (Tex. 2010) ............................... 12, 13

*Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). ................................................ 12, 14

*Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988) ...................................... 24

**Statutes**

§30.006(c)(1) and (2), Tex. Civ. Prac. & Rem. Code....................................................28

Tex. Code of Criminal Procedure Chapter 19A, Art. 19A.051 and 19A.252(a) and (b) ....................12

Tex. Gov't Code §22.220(c) ........................................................................................8

Tex. Government Code §552.001(b); Tex. Civ. Prac. & Rem. Code §30.006(c)(2)...........................35

Texas Civil Practice & Remedies Code §30.006(c) .....................................................28

Texas Gov't Code §552.108(c) ...................................................................................29

**Rules**

Rule 192.6(b) .........................................................................................19, 20, 21

Tex. R. Civ. P. 176.6(d)-(e)..........................................................................11, 15

Tex. R. Civ. P. 176.6(e) and 176.6(f) ............................................................................16

Tex. R. of Civ. P. R. 176.6(f) and 176.7 .........................................................11, 15

# SUMMARY OF ARGUMENT

Appellant objects and moves to strike Appellees' Appendix Exhibits 1-4 as containing matters outside the appellate record.

Mootness does not apply to the quashed subpoenas because Appellant still suffers collateral consequences in the form of sanctions and because Subpoena must issue again for the 193rd continued trial, the issue is capable of repetition yet evading review.

Appellees have failed to show that the judgment of the 429th was supported by sufficient evidence to support the 429th's claim to exclusive jurisdiction when the case law and Rule 176.6(f) show that the 193rd retains dominant jurisdiction.

Appellees have failed to show sufficient evidence on the record to support the 429th's granting of the motion for protective order on grounds of privilege or undue burden, harassment, unnecessary expense or annoyance and the judgment should be reversed.

Appellees have failed to show that there is sufficient evidence of bad faith abuse of the judicial process by appellant that significantly interfered with the 429th Court's traditional core functions and invoking the inherent power of that court to sanction appellant was an abuse of discretion.

**PRELIMINARY OBJECTION TO MATTERS NOT IN THE APPELLATE RECORD AND MOTION TO STRIKE APPELLEES APPENDIX**

Before reaching the merits of the appellate issues, Appellant humbly requests that the court first address Appellant's preliminary objection to Appellees' introduction of matters not in the Appellate Record and strike all such matters and all arguments and conclusions based on such matters. Appellees filed a Response Brief containing matters outside the Appellate Record that have not been tested for veracity or admissibility under the rules of evidence at the 429th, including an Appendix with four exhibits on which it relies. APPELLEES BRIEF, Pg, x n.4; pg. ix n. 2; and pp. 2-4. None of the Appendix Exhibits are matters of record and were never presented to the 429th. APPELLEES BRIEF APPENDIX EXHIBITS 1-4. Further, Appellees include weblinks to the Collin County Judge's profile[1] and a link to the the Collin County Sheriff's website[2], none of which are contained in the appellate record. APPELLEES BRIEF, pg. x n.4; pg. 1 n. 6.

Appellees do not offer the appendix and weblinks to support any challenge to this court's jurisdiction. APPELLEES BRIEF, Pg, x n.4; pg. ix n. 2; and pp. 2-4. With the exception of determining an appellate court's own jurisdiction[3], it is settled law in Texas that this Court's review is confined to the evidence in the trial court's

---

[1] With a boast about the judge's long serving service in a not so veiled attempt to influence this court's opinion of the case by invoking some unfair comradery to the 429th Judge. APPELLEES BRIEF, pg. x n.4.

[2] Designed to misdirect the court from the issues at hand. APPELLEES BRIEF, pg. 1 n.6.

[3] Tex. Gov't Code §22.220(c).

(appellate) record. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *Sewell v. Adams*, 854 S.W.2d 257, 259 (Tex. App.—Houston [14th Dist.] 1993, no writ); and see *Melendez v. Exxon Corp.*, 998 S.W.2d 266, 280 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that parties are to confine their arguments and factual recitations to matters contained in the record).

It is improper for parties to rely on matters outside the record in making arguments to the court and the remedy is to strike and not consider the improper items submitted and confine the review to the appellate record. *Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2000). Appellant therefore requests that this court strike all arguments and materials beginning at the second full paragraph on page 2 of Appellees brief and ending on the paragraph that runs into page 4 of Appellees brief as relying on matters outside the appellate record.

Appellant further requests this court to strike note 2 on page ix, note 4 on page x and note 6 on page 1 of Appellees brief, as relying on or directing the court's attention to matters outside the appellate record. Appellant further requests that this court strike from Appellees brief, and disregard all facts, references or arguments relying on or based upon matters outside the appellate record.

**LAW AND ARGUMENT**

I. **ISSUES RELATED TO QUASHED SUBPOENA ARE NOT MOOT BECAUSE APPELLANT CONTINUES TO SUFFER COLLATERAL CONSEQUENCES AND ISSUANCE OF THE SUBPOENA IS CAPABLE OF REPETITION YET EVADING REVIEW**

Appellant's clients retain a personal stake in the outcome of the live case at the 193rd and must issue subpoena to get the testimony of Appellees, hence there are no intervening events that make it impossible for a court to grant any effectual relief whatever to any prevailing party. CR.42. Appellees are unable to meet their difficult burden of establishing mootness especially when six prior subpoenas had issued without challenge[4] indicating that more must issue until the trial is held, and appellees got the December 3, 2024 trial subpoenas quashed on January 30, <u>2025</u> [CR.97], 58 days after the trial setting had been continued. "Mootness is difficult to establish. The party asserting it must prove that intervening events make it impossible for a court to grant any effectual relief whatever to the prevailing party." *In re Dallas County*, 697 S.W.3d 142, 151 (Tex. 2024) (quoting *Abott v. Mexican Am. Legis, Caucus*, 647 S.W.3d 681, 689 (Tex. 2022).

Appellees have failed to meet their burden of showing that the case is moot. "[T]here is no presumption in favor of mootness." *Tex. Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, No. 23-0192, Txcourts.gov at *30 (Tex.

---

[4] CR.37

May 30, 2025). Admitting that the 193rd trial case is live and was only continued[5] appellees argue that merely because the Subpoenas for the December 3, 2024 trial setting were quashed 58 days after they had expired, the issue is moot.[6] Yet Appellees are aware that Appellant continues to suffer from the collateral consequence of the wrongful imposition of sanctions and are aware that fresh subpoenas must issue from the 193rd again. CR.97(1)-(2), 98.

Thus, the following are live justiciable controversies: (1) Whether the 429th's error in asserting jurisdiction to quash the 193rd trial subpoenas under Tex. R. Civ. P. 176.6(d)-(e)[7] has caused appellant, who, as an officer of the 193rd Court, issued the quashed trial subpoenas or 193rd Orders[8], continues to suffer the collateral consequences of sanctions [CR.95-97], and (2) whether the 429th court of equal jurisdiction with the 193rd Court is capable of repeating the act of quashing the trial subpoenas that are certain to issue from the 193rd in the immediate future, the case only being continued and not abated, and if not addressed now, will evade review. CR.97(1)-(2).

---

[5] Appellees brief at 7, CR.31
[6] Appellees brief at 7, CR.97
[7] An error alleged in Appellant's brief at 36 and 46 being court orders as under Tex. R. of Civ. P. R. 176.6(f) and 176.7
[8] See *In re J.M.*, No. 14-24-00478-CV (Tex. App.—Houston [14th Dist.] 2024, opinion delivered October 15, 2024) (identifying subpoenas as court orders per Black's Law Dictionary (12th ed. 2024).

In making their arguments in support of the issue of trial subpoenas allegedly being moot, Appellees rely on only one case wherein appellees stated but ignored the importance of the intervening fact that the (issuing) Grand Jury had expired, in comparing this case to *In re KVIA-Channel 7*[9] which found that "Because the subpoena has expired, there is no longer a justiciable controversy between the parties." APPELLEES BRIEF at 7. Appellees position is untenable because, unlike a trial court which does not expire, grand juries are empaneled by a district court judge for a specified term, hence, logically, such a grand jury's subpoena expiring would render any issues relating quashing such a grand jury subpoena moot. See Tex. Code of Criminal Procedure Chapter 19A, Art. 19A.051 and 19A.252(a) and (b). Appellees approach to mootness is oversimplistic.

Assessing mootness generally proceeds in two steps. *Tex. Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, No. 23-0192, Txcourts.gov at *30 (Tex. May 30, 2025). "First, [the court asks] if the case is moot on its face—that is, has the live controversy come to an end. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 865 (Tex. 2010).

---

[9] 2024 Tex. App. LEXIS 5967 *7 (Tex. App.—El Paso Aug. 19, 2024, no pet. h.)(mem. op.), writ denied).

If the answer is yes, the court then asks, "if any "exception" to mootness applies." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). This second step means that some cases that are moot on their face actually remain live such as when collateral consequences flow from the resolution of a seemingly moot dispute or when circumstances causing the injury, despite being ended, are likely to recur as between the same parties yet evade review because the injury is of short duration. *Tex. Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, No. 23-0192, Txcourts.gov at \*25-26 (Tex. May 30, 2025).

Appellees argue that because the December 3, 2024 trial date was continued, issues relating to the 193rd trial subpoena which the 429th quashed on January 30, 2025, were rendered non-justiciable, rendering moot any errors attributed to the portion of the challenged judgment. APPELLEES BRIEF, Pg. 7. This argument is disingenuous because if mootness applies to this appeal then mootness applied to the 429th Court's jurisdiction to quash the subpoenas when Appellees argued and got the challenged judgment issued 58 days after the December 3, 2024 trial had been continued, yet Appellees did not argue that the subpoenas had expired or that their motion to quash was moot instead they proceeded to get the subpoenas quashed anyway with the obvious goal of intimidating Appellant. 2RR.9 lines 9-12, 2RR.10 lines 2-6, 2RR.12 lines 13-20.

To the first inquiry—whether the live controversy has come to an end, if the only subpoenas at issue are the December 3, 2024 trial subpoenas, then, Appellees would be right that that controversy has ended, however the judgment does not limit itself to those subpoenas[10] and the issue is still justiciably live. *Joachim*, 315 S.W.3d at 865. However, if this court were to separate the issue of quashed subpoena[CR.97(1)] from the order not to request or serve any subpoena[CR.97(2)], and address them as separate issues, then the appropriate response would be a very hesitant, yes to the question that the December 3, 2024 trial subpoenas have expired and would lead to the next inquiry. *Joachim*, 315 S.W.3d at 865.

Upon a yes, the next issue this court would consider is "if any "exception" to mootness applies." *Lara*, 52 S.W.3d at 184. Like the Texas Supreme Court requires, this court's analysis of the facts, would then turn to whether this case, though it appears to be moot on its fact actually remains live because collateral consequences flow from the 429th's resolution of the seemingly moot dispute or when circumstances causing the injury [sanctions for Appellant and new subpoenas for Appellees], despite being ended, are likely to recur as between the same parties yet evade review because the injury is of short duration. *Tex. Dep't of Family &*

---

[10] CR.97(2)

*Protective Services v. Grassroots Leadership, Inc.*, No. 23-0192, Txcourts.gov at *25-26 (Tex. May 30, 2025).

This exception territory is where this case falls because Appellant is yet suffering collateral consequences in the form of sanctions from the 429th's resolution of the seemingly moot dispute about the issuance and quashing of the trial subpoenas for the December 3, 2024 setting and because, Appellant still represents the Plaintiffs at the 193rd and though each subpoena duration is short, Appellant must issue trial subpoena for the testimony of the majority of Appellees until the case is resolved. *Tex. Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, No. 23-0192, Txcourts.gov at *25-26 (Tex. May 30, 2025).

The issue is not moot because there are live justiciable controversies about whether the 429th had, and has jurisdiction to quash 193rd trial subpoenas under Tex. R. Civ. P. 176.6(d)-(e)[11] and to impose the collateral consequence of sanctioning appellant as the issuing 193rd officer which appellant continues to suffer[12]; and whether the 429th court, as a court of equal jurisdiction with the 193rd Court, has the authority to continue to insert itself into the 193rd trial court case by insisting on ruling on Appellants future trial subpoenas, making these issues capable of repetition

---

[11] An error alleged in Appellant's brief at 36 and 46 being court orders as under Tex. R. of Civ. P. R. 176.6(f) and 176.7; and see In re J.M., No. 14-24-00478-CV (Tex. App.—Houston [14th Dist.] 2024, opinion delivered October 15, 2024) (identifying subpoenas as court orders per Black's Law Dictionary (12th ed. 2024).

[12] There are added sanctions for each stage of each appeal. CR.98.

and certain to repeat, and which, without a resolution, will evade review and continue to interfere with the 193rd jury trial. CR.97(1)-(2).

In conclusion, the case at the 193rd has only been continued [CR.31] and not abated or dismissed and therefore the issue of quashing subpoenas is not moot because Appellant must be able to issue necessary trial subpoenas on behalf of Appellant's clients in order to zealously represent her clients at the 193rd without Appellees using the 429th Court to intimidate Appellant by controlling 193rd <u>trial</u> subpoenas as this clearly favors defendants at the 193rd.

## APPELLEES HAVE FAILED TO SUBSTANTIATE THE 429TH COURT'S ASSERTION OF JURISDICTION TO ADJUDICATE 193RD <u>TRIAL</u> SUBPOENAS

A. APPELLEES HAVE FAILED TO SHOW THAT RULE 176.6(e) APPLIES TO TRIAL SUBPOENAS AND THE CANONS OF STATUTORY CONSTRUCTION SUPPORT APPELLANT'S INTERPRETATION

Appellees challenge the 193rd's Rule 176.6(f) exclusive jurisdiction over its trial subpoenas, but appear to be uncertain about whether the 429th had exclusive or dual jurisdiction because, while asserting that a "robust consensus" of authorities support its new claim that "a plain reading" of Rules 176.6(e) and 176.8 provide "<u>dual</u> District Court Jurisdiction,"[13] at the trial court level, appellees argued that the 429th has exclusive jurisdiction but does not view the plain words in context. See 2RR.7 lines 11-14; Tex. R. Civ. P. 176.6(e) and 176.6(f).

---

[13] Appellees brief at 8

Appellees insistence that Rule 176.6(e) is dispositive of the issue of jurisdiction over the <u>trial</u> subpoenas lacks merit[14] especially with Appellees arguing without a legal basis that appellant "puts too great emphasis on the term "trial subpoena"" and that "basic rules of statutory construction compel rejection of Appellant's facially flawed interpretation of Rule 176.6(f)." Appellees' brief at 10. For clarity, Appellant's position remains that trial subpoenas are treated differently from discovery subpoenas under Rule 176, with Rule 176.6(e) providing for discovery subpoenas whilst Rule 176.6(f) applies to trial subpoenas only and give exclusive jurisdiction to the court of the time and place of trial. Appellant's brief at 39-43[15]. To support this position, and as a starting point, finding no definition for "subpoena" in the rules, Appellant views the dictionary definition of Subpoena through the limited lens of a court[16] wherein that court relied on Black's Law Dictionary's definition of "Subpoena" as "a writ or <u>order</u> commanding a person to appear before

---

[14] Appellees brief at 8

[15] Appellant asks that this court take judicial notice of its records wherein, Appellees' counsel and this court were notified via motion for leave, that Appellant had suffered acute symptoms of Idiopathic Intracranial Hypertension which include temporary blindness during the drafting of her brief and had notified the court and appellees that the condition caused appellant to make numerous errors and omissions. Appellant was able to correct the errors she could find but was unable to correct the omissions in the Amended brief. Appellee identified the omissions and took advantage of it to allege that Appellant's brief is "deceptively AI generated." However, the omissions are obvious because the full text of the portions of *Medlin v. King* was laid out on page 39 of the Amended brief and the full text of *In re J.M.* on which Appellant relies is also laid out on page 41 showing that the definition of subpoena was adopted by *In re J.M.* from Black's Law Dictionary. Correcting this in this brief is confusing hence, Appellant filed a corrected brief and has sought leave to file it.

[16] *In re J.M.*, 699 S.W.3d 685, 687-89 (Tex. App.—Houston [14th Dist.] 2024, no pet.).

that court subject to a penalty for failing to comply." Appellant's brief at 41, citing *In re J.M.*, 699 S.W.3d 685, 687-89 (Tex. App.—Houston [14th Dist.] 2024, no pet.).

Appellant juxtaposed the definition of subpoenas as orders, with the effect of Rule 176.3(b) cited for the limited purpose of showing that it is only discovery subpoenas that are limited to an extent, manner or time by the discovery rules, and therefore, not trial subpoenas. Appellant's brief at 40-41 citing *Medlin v. King*, 705 S.W.3d 267, 285 (Tex. App.— El Paso 2024) (the full text of the quote is set out on page 40 of Appellant's brief and applied to show how appellant arrived at position taken). Thereafter, taking Rule 176 as a whole[17] and applying the dictionary definition of Subpoena, which is different[18] from summons, to mean a "writ or Order" appellant put together a summation in the analysis which Appellees misinterpret as a purported holding of *In re J.M.* because Appellant omitted references to *Medlin v. King* before and after *In re J.M.* on page 41. Appellees brief at 12; but see corrected brief at 39. Appellant stands by the arguments in the brief. Appellees ask this court to ignore the words "Trial Subpoenas" in Rule 176.6(f) by alleging that Appellant puts too great an emphasis on the words "trial subpoenas"[19]

---

[17] See Appellant's corrected briefs at 39-43 reviewing Rules 176.3(b), 176.6(c), 176.4(b),176.6(f), 176.6(e)-which requires motions for protective orders to be brought under discovery Rule 192.6(b) only.

[18] Appellees wrongly state that juvenile subpoena is equivalent to a summons for service of petition when the case states the opposite [citing *In re J.M.*, 699 S.W.3d 685, 687-89 (Tex. App.—Houston [14th Dist.] 2024, no pet.)].

[19] Appellees brief at 9

claiming[20] that "[b]asic rules of statutory construction compel rejection of Appellant's…interpretation of Rule 176.6(f).[21] It is a canon of construction that the entire statute is intended to be effective, and therefore the court should not read any language to be pointless or a nullity. *Leordeanu v. Am. Protection Ins. Co.*, 330 S.W.3d 239, 248 n.35 (Tex. 2010) citing *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex.2008)("We construe statutes to give effect to every provision and ensure that no provision is rendered meaningless or superfluous."); accord *City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006). Appellees are wrong to ignore the words "Trial Subpoenas" because even by the basic canons of statutory construction, the specific use of the words "Trial Subpoenas" as the title for Rule 176.6(f) only will be rendered meaningless and superfluous, if the court applies appellees interpretation of Rule 176.6(f). *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008). This is more so, when the term "trial subpoenas" is excluded from 176.6(e) and only included in Rule 176.6(f) because another canon of statutory interpretation is that when a term has been carefully included in one section of a statute and excluded in another, it should not be implied where excluded. *Brown v. De La Cruz*, 156 S.W.3d 560, 568 (Tex. 2004) (holding that "when the Legislature includes a right or remedy

---

[20] Without citation to any authorities regarding the basic rules of statutory construction on which they rely

[21] Appellees brief at 10

in one part of a code and omits it in another, that may be precisely what the Legislature intended"). Thus, applying the canons of interpretation to Rule 176.6(e) and 176.6(f), trial subpoenas being excluded from the language of 176.6(e) but included in the language of 176.6(f) only, any matters relating to trial subpoenas were legislatively promulgated by the Texas Supreme Court to require the application of Rule 176.6(f) only, and only the 193rd court has jurisdiction thereunder to adjudicate 193rd trial subpoenas, as "the court at the time and place specified for compliance". Tex. R. Civ. P. 176.6(f).

While Rule 176.6(f) is titled "Trial Subpoena" by the Texas Supreme Court and expressly provides for protective orders for the recipient of a trial subpoena to comply or object before the court at the time and place specified for compliance, Rule 176.6(e) on the other hand, relies on *discovery* Rule 192.6(b) for a party to seek a protective order. Tex. R. of Civ. P. The Texas Supreme Court obviously intended Trial Subpoenas to be treated differently because of the way Rule 176 is set up, making Rule 176.6(e) motions subject to discovery Rule 192.6(b),[22] expressly stating that subpoena for discovery but not for trial, may not be used to an extent, in a manner, or at a time other than as provided by the rules governing discovery[23],

---

[22] "may move for protective order under Rule 192.6(b)"
[23] Tex. R. Civ. P. 176.3(b)

while Trial subpoena motions are not subject to any discovery rules under Rule 176.6(f). Appellees brief at 8.

Focusing only on the dual court designation reserved for discovery subpoenas, Appellees fail to explain why, under Rule 176.6(e), a motion for protective order may only be brought under discovery Rule 192.6(b) thereby limiting the extent and manner in which the protective order may be brought and thus how discovery subpoena may be used per Rule 176.3; whereas Rule 176.6(f) carries no limitation requiring moving for protection under any discovery rule. Tex. R. Civ. P. 176.6(f), 176.6(e), 192.6(b) and 176.3. Appellant posits that under Rule 176.6(e), the Texas Supreme Court anticipated discovery subpoena duces tecum for custodians of business records and other non-parties summoned to a "deposition, hearing or trial" not for their testimony but for the production of records in including the word "trial" under the list of places to which a person commanded to "produce and permit inspection and copying of designated documents and things may be ordered to appear. This position comports with the canon of statutory construction that in a statute dealing with words grouped together, all those words should be given a related meaning. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003). Because issues related to discovery typically have more time for resolution before trial, it makes sense to permit a non-party to move for a protective order under Rule 192.6(b) before either the court where the matter is pending or a district court

in the county where the discovery subpoena was served but it makes no sense to allow the same for trial subpoenas as these usually have a shorter duration and involve a lot more participants like jurors and other witnesses who will be adversely affected by the delay arising from the issuing officer needing to leave the ongoing trial to appear before another court. It is no surprise therefore that Appellees "robust consensus of well-reasoned authority"[24] regarding dominant jurisdiction, all address discovery subpoenas but none address trial subpoenas. Appellees brief at 13-15.

## B. APPELLEES' CASE LAW REGARDING DOMINANT JURISDICTION ALL APPLY TO DISCOVERY SUBPOENAS AND DO NOT ADDRESS TRIAL SUBPOENAS

The case law which Appellees cite in support of their claim that clearly established law regarding dominant jurisdiction of a court when resolving non-party motions for protective orders, favor Appellant's interpretation of Rule 176.6(e) as limited to discovery subpoenas, and do not address Rule 176.6(f) at all.

First, Appellees rely on *Latham v. Thornton*[25] for the proposition that "the first-filed motion for protective order [and resulting court's order] controls over the second-filed motion to compel presented in a different district court in another county where the underlying litigation was already pending." Appellees brief at 13, citing *Latham*, 806 S.W.2d 347, 350 (Tex. App.—Fort Worth 1991, orig.

---

[24] Appellees brief at 8
[25] 806 S.W.2d 347 (Tex. App.—Fort Worth 1991, orig. proceeding).

proceeding). However, that case deals only with jurisdiction over depositions and was an original petition for writ of mandamus brought to overturn a <u>discovery</u> court order to compel the deposition and production of documents of a nonparty and did not involve a trial subpoena. *Latham*, 806 S.W.2d at 347-48. That court relied on discovery Rule 215.1(a)[26] which identifies the appropriate court for depositions and other discovery matters and held that, per Rule 215.1(a) because an application for an order to a "deponent" who is not a party shall be made to the court in the district where the deposition is being taken, that court has jurisdiction over the "deposition" however, "[a]s to all other discovery matters, an application for an order will be made to the court in which the action is pending." *Latham*, 806 S.W.2d at 349. Notwithstanding Appellees self-serving summary[27] of the case, *Latham*[28] favors appellant because the trial subpoenas[29] at issue in the present case did not seek to depose any of the officers but instead commanded their appearance at a jury trial so that even if one were to view the trial subpoenas as requesting the production of documents[30] as appellees contend,[31] not being a deposition request, the 193rd as the court in which the action is pending would have jurisdiction and not the 429th. Tex.

---

[26] Formerly Rule 215(1)(a)
[27] Appellees brief at 13
[28] 806 S.W.2d at 349.
[29] CR.47, 53, 59, 64
[30] The subpoenas only requested that the witnesses bring a government issued identification to court but requested no other documents. CR.47, 53, 59, 64.
[31] CR.11

R. Civ. P. 215.1(a). And reading the "Appropriate Court" provisions of Rule 215.1(a) in conjunction with Rules 176.6(e) and 176.6(f), it is more consistent that the court in which the action is pending has jurisdiction over its own trial subpoenas than that some other court would. See generally Tex. R. Civ. P. 215.1(a), 176.6(e) and 176.6(f).

Second, Appellees cite to *In re reed*,[32] a case allegedly involving a discovery subpoena duces tecum for production of expunged records issued in a civil case out of Cleburne Texas and because the case appears to involve discovery requests which fall under Rule 176.6(e), the court of appeals is alleged to have afforded jurisdiction to the court in Ellis County. Appellees brief at 14. Without reading the case, appellant cannot confirm whether that court cited to *Latham* and if it did, whether the quotation is accurate, however, that case does not involve trial subpoenas and only addresses a discovery subpoena duces tecum, making it inapplicable to the issue in the present case.

Third, Appellees intentional misinterpretation of the holdings of these cases is laid bare in *In re Sims*,[33] wherein it quotes a portion of the case out of context.

---

[32] Appellant cannot verify the facts and holdings herein because Appellant has searched but been unable to locate *In re reed* with the citation provided, which may be an unpublished opinion, in which case Tex. R. App. P. 47.7 requires that a copy be attached otherwise it is improper for any party to cite unpublished judgments as orders from various courts as authority when such items do not appear in the appellate record. *Carlton*, 32 S.W.3d at 458, citing Tex. R. App. P. 47.7 and *Carlisle v. Phillip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied).
[33] 88 S.W.3d 297, 303 (Tex. App.—San Antono 2002, orig. proceeding).

Appellees brief at 14-15. In *In re Sims*, the San Antonio Court of Appeals, set out dominant jurisdiction stating: "As a general rule, when suit would be proper in more than one county, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts." *In re Sims*, 88 S.W.3d at 302; citing *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). Thus, it held that:

> "Where two actions involving the same subject matter brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction should retain such jurisdiction, undisturbed by the interference of another court, and dispose of the controversy…It is not required that the exact issues and all the parties be included in the first action before the second action is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues…**The test is whether there is an inherent interrelation of the subject matter in the two suits…As long as the forum of the first action is proper, the plaintiffs choice of forum must be respected, and a defendant is "simply not at liberty to decline to do battle in the forum chosen by the plaintiff."**" *In re Sims*, 88 S.W.3d at 303 (citations omitted).

Appellant accedes to the holding in *In re Sims* and Appellee having relied on it as well, appears to agree with its holding which would mean that the 193rd as the first court in which the case by the Browns—Plaintiffs, was filed retains dominant jurisdiction to the exclusion of the 429th and since the subject matter is admittedly,[34] the Brown's aircraft in both courts, the 429th should not have interfered with the 193rd's jurisdiction. *Id.* Importantly, *In re Sims*, holds that dominant jurisdiction is a

---

[34] CR.7; Appellees brief at 2.

waivable error which makes Appellant's reticence[35] at appearing before the 429th to avoid waiving her clients' rights, a rational fear and does not constitute interference with the 429th's jurisdiction because the 193rd has dominant jurisdiction to the exclusion of the 429th. 88 S.W.3d at 303-304. Ultimately, *In re Sims*, mandamus writ issued against the court in which the case was first filed for abating the suit in favor of the second court because that first court had dominant jurisdiction and the first trial court had no jurisdiction to abate in favor or the lawsuit in the other county. 88 S.W.3d at 303. Like the others, this case favors appellant's position.

Last, Appellees rely on *In re Seitel*,[36] another original proceeding challenging a discovery order to produce privileged documents for want of proper service of a subpoena, notice of hearing or an opportunity to present evidence of its claimed privilege as they relate to the discovery order under Tex. R. of Civ. P. 176.6(e), however, the court dismissed the case as moot because the parties reached an agreement. *In re Seitel*, 2004 Tex. App. LEXIS 9690, at *2 (Tex. App.—Houston [14th Dist.], Nov. 2, 2004). This reliance is also ineffective as no trial subpoena was at issue and Appellee has been unable to locate a single case that supports its assertion that trial subpoenas are governed by Rule 176.6(e) or that negates

---

[35] Appellant's brief at 71.
[36] Appellees brief at 15.

Appellants position that trial subpoenas are governed by Rule 176.6(f) while discovery subpoenas are governed by Rule 176.6(e).

## C. BEING UNABLE TO DENY THAT THEY MADE FALSE ASSERTIONS OF IMPROPER SERVICE OF SUBPOENA, APPELLEES CLAIM THAT THE ISSUE IS IRRELEVANT AND MOOT, WHEN IT DID NOT APPEAR TO BE MOOT AT THE HEARING[37] WHERE THE LIES WERE TOLD IS DISINGENUOUS

Because Appellees are unable to substantiate the lies told at the 429th hearing 58 days after the trial subpoenas had expired, to get the 429th to assume "exclusive jurisdiction" Appellees now claim that their false assertion of improper service and unsubstantiated claim that Appellant was trying to issue new subpoenas and attempting to have the officers served on Thanksgiving day[38] is now irrelevant[39]. Appellees brief at 15. However, Appellees did not argue the issue as moot when they brought it up to convince the 429th that she had exclusive jurisdiction 58 days after the trial subpoenas had expired. 2RR.7 lines 11-14. These lies with no evidence on the record were offered to paint Appellant as a villain, when there was clear evidence of proper service on the record and no evidence to support the allegation of improper service of the four trial subpoenas by which appellees had misled the 429th Court. 2RR.7 lines 15-21. However, because this issue is capable of repetition and will

---

[37] 2RR.7 lines 7-8, 9-10, 15-21 containing Davis's lies about actions allegedly taken by Appellant unsubstantiated by any evidence on the record.
[38] 2RR.7 lines 7-8, 9-10, 15-21
[39] Because Appellees have been caught in a lie.

evade review if not resolved, the issue of the officers requesting subpoena in person or by email, signing waivers and then denying service is not moot. *Tex. Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, No. 23-0192, Txcourts.gov at *25-26 (Tex. May 30, 2025).

## D. THE 429TH LACKED EXCLUSIVE OR DOMINANT JURISDICTION TO ISSUE THE PROTECTIVE ORDER HENCE ANY CLAIM TO THE OVERBROAD UNSUBSTANTIATED ORDER BEING LIMITED IS IRRELEVANT

This court should not credit, as relevant to any issue, Appellees claim that the 429th protective order is limited because that allegation is irrelevant if the 429th lacked jurisdiction to issue the protective order to govern trial subpoenas at the 193rd. Rule 176.6(f) places jurisdiction over trial subpoena squarely with the issuing court as the court of the place specified for compliance. Tex. R. Civ. P. As the court with dominant and exclusive jurisdiction, only the 193rd jurisdiction over its trial subpoenas and the 429th abused its discretion by interfering with the 193rd Court's case once the case was filed first at the 193rd. *In re Sims*, 88 S.W.3d at 303.

The overbroad protective order protects against "any testimony related to and/or records governed by Texas Civil Practice & Remedies Code §30.006(c) in the possession of Collin County…or the attendance of any Collin County employees be requested and/or subpoenaed…without" the 429th's order when the 429th does not have jurisdiction over the 193rd case. CR.97. This is especially so when, §30.006(c),

in relevant part[40], requires the restriction of an order for discovery **if** the requested information deals with an investigation by the nonparty law enforcement agency that does not result in conviction or deferred adjudication "**and**[41] **the release of the information…would interfere with the detection, investigation, or prosecution of criminal acts.**" §30.006(c)(1) and (2), Tex. Civ. Prac. & Rem. Code. Since these parameters must be met before a court in a civil action is restricted from issuing a discovery for information from a nonparty law enforcement agency under §30.006(c), and because even Appellees' arguments[42] show that those parameters were never met, no court in a civil action would be restricted from issuing an order for discovery thereunder and applying the plain meaning of the text, compliance with §30.006(c) would simply not apply. A plain meaning must include reading words and phrases in context and construing them in accordance with the rules of grammar. *Lane v. State*, 933 S.W.2d 504, 515 n.12 (Tex. Crim. App. 1996) (en banc). Disregarding the word "if" which establishes a precondition and the word "and" which requires both subsections (1) and (2) to apply for the court in a civil action to be constrained by §30.006, Appellees do not even attempt to address the added requirement of subsection (c) as raised in Appellant's brief,[43] totally ignoring

---

[40] Appellees brief at 21 bolding the text to show that it relies on §30.006(c)(1)(B).

[41] A conjunctive requiring both subsections (1) and (2) for this section to apply.

[42] Appellees brief at 21 disregarding the requirements under 30.006(c)(2) whilst offering misdirection that §552.108(a)(2) tracks nearly verbatim §30.006(c)(1)(B).

[43] Appellant's brief at 57-60.

§30.006(c)(2) as Appellees did at the 429th, whilst relying solely on §30.006(c)(1), when both are needed to trigger the applicability of §30.006(c). Appellees brief at 21-22. This matter should be resolved against Appellees.

E. THE FOUR TEXAS ATTORNEY GENERAL OPINION RULINGS REQUIRE DISCLOSURE OF THE BASIC INFORMATION PER 552.108(c), APPELLEES MISINTERPRETATION OF THE CASE LAW NOTWITHSTANDING

Appellees arguments are confusing regarding their obligations because they do not appear to understand that Texas Gov't Code §552.108(c) creates an exception for basic information even when other information is privileged. *City of Carrollton v. Paxton*, 490 S.W.3d 187, 197-198 (Tex. App.—Austin, 2016, pet. denied)(holding: "Basic information about an arrested person, an arrest, or a crime"—[o]ur disposition [means]… that the City may withhold the information at issue … under Section 552.108's law-enforcement exception *unless and to the extent the information is "basic information about an arrested person, an arrest, or a crime" that must be disclosed under Subsection (c) of that provision*")(emphasis added).

The cases on which Appellees rely[44] show that the party seeking to block the disclosure of the basic information authorized by the AG files suit to prevent its disclosure under the Government Code. *City of Carrollton*[45] and *Paxton v.*

---

[44] Appellees brief at 19-20.
[45] 490 S.W.3d 187, 197-200 (Tex. App.—Austin, 2016, pet. denied)

*Escamilla*.[46] appear to be confused about the exception at issue. Appellees' summary of the AG's opinion rulings is disingenuous because the summaries omit the AG's command that the basic information must be released pursuant to 552.108(c)[47]. Appellees brief at 17-18; but see CR.21-26. Appellees provide this court with case law that shows what government agencies do when the attorney general commands the release of the basic information in an opinion ruling. Appellees brief at 19 citing *City of Carrollton v. Paxton*, 490 S.W.3d 187, 197-200 (Tex. App.—Austin, 2016, pet. denied). Like this case, four opinion rulings were issued by the AG and commanded the release of the basic information, but unlike this case wherein Collin County ignored the AG's command to release the basic information, the City of Carrollton sued to withhold the "basic information" which the attorney general defined broadly rather than as narrowly as set out in the statute, because without the lawsuit the City was duty bound to release the basic information. *City of Carrollton*, 490 S.W.3d at 190-202. Importantly, once again, Appellees select a portion of the case law that is misleading when the full text supports the release of the basic information. Appellees brief at 19-20 (relying on the City of Carrollton's argument to the Court of Appeals and skipping to the analysis regarding the attorney general). The language below shows that if law

---

[46] 590 S.W.3d 617, 621-622 (Tex. App.—Austin 2019, pet. denied).
[47] Texas Government Code

enforcement makes a determination that a crime has actually occurred, then basic information about the arrest, arrested person and the crime should be disclosed:

> "[t]he Legislature has explicitly limited the potential scope of **"basic information" subject to disclosure under Subsection (c) solely to that which is "about" (i.e., on the subject of or concerning) either "an arrested person," "an arrest," or "a crime."** A further implication of Subsection (c)'s wording is that there can be no "basic information" subject to disclosure under that provision unless there has been "an arrest" or "a crime." **These limitations would require, in the very least, some sort of determination by law enforcement that a crime has actually occurred, if not also an arrest made…"** *City of Carrollton*, 490 S.W.3d at 201.

The requirement that law enforcement make some sort of determination that a crime has actually occurred, if not an arrest made[48], has been met in this case because without law enforcement determining that someone had taken actions determined to be crimes, the case of theft would not have been referred to a Grand Jury. See CR.8 n.1. Appellees misplaced conclusions regarding what basic information is, has led to its intentionally ignoring relevant holdings in the case law on which it relies, because, the issue is not whether some information is privileged rather the issue is that basic information about the arrest, the arrested person and the crime as determined by law enforcement leading to a Grand Jury referral, like the offense report, is not privileged and must be released. See Appellees brief at 19-20; CR.8 n.1 and *City of Carrollton*, 490 S.W.3d at 201. Appellees reliance on *City of*

---

[48] *City of Carrollton*, 490 S.W.3d at 201.

*Carrollton* is flawed because in that case, the City did not oppose the disclosure of two offense reports as basic information. 490 S.W.3d at 202 (finding "We do not understand the City to be contesting disclosure of the two offense reports related to the incident, and these documents may largely satisfy the City's obligation to produce "basic information" here").

Appellee implying that it was only required to disclose the basic information in two of the AG's opinion rulings is false because the other two opinions stated that "with the exception of the basic information"[49] Appellees may withhold the class of information which it considered privileged. Appellees brief at 20 and see, CR. 24, 25, CR.21-22. Appellees rely on *Escamilla*,[50] a case in which the attorneys for the City tendered affidavits to the court with the records for in camera review[51], the proposition that, under §552.108(a)(2) of the Public Information Act, it is not required to disclose information relating to the officers criminal investigations if the criminal investigation did not result in a conviction or deferred adjudication. Appellees brief at 20.

*Escamilla*[52] is distinguishable from this case because (1) the Travis County Attorney did not sue the requestor, rather he correctly sued the AG for ordering the

---

[49] Meaning in plain English that they may withhold information but must disclose the basic information.
[50] *Paxton v. Escamilla*, 590 S.W.3d 617, 621-622 (Tex. App.—Austin 2019, pet. denied).
[51] *Escamilla*, 590 S.W.3d at 623 n.4.
[52] 590 S.W.3d 617, 621-622

release of the information; (2) the records expressly requested were deferred prosecution agreements (DPA) which were tendered to the court for review. In contrast, Appellees have not disclosed what records are allegedly requested, or stated how the release of the information would interfere with the detection, investigation, or prosecution of criminal acts,[53] yet the 429th granted an overbroad protective order encompassing any testimony related to and/or records governed by §30.006(c) shall not be sought by any party (no specific suit identified) nor the attendance of any Collin County employees (not just the officers) be requested without the 429th's order,[54] even though, the 429th lacks jurisdiction over 193rd trial subpoenas and cannot control another court's proceedings, when as here, that other court has dominant or exclusive jurisdiction. In re Sims, 88 S.W.3d at 302.

Appellees' conclusion that because the case did not result in a conviction or deferred adjudication, it did not have to release the basic information is simply wrong because it relied on the AG to issue an opinion, and that opinion required the release of the basic information. Appellees brief at 20. Without filing suit to preclude the release of the basic information, Appellees were bound to release such information as §552.108(c) permits especially because the law enforcement officers

---

[53] Tex. Civ. Prac. & Rem Code §30.006(c)(1) and (2).
[54] 54 CR.97

had determined that a crime had been committed which warranted a referral to the Grand Jury. CR.8 n.1.

The basic information would include things like the offense report,[55] notes about what crime was reported or alleged, who, if any person was arrested, when the person was arrested and why but does not require testimony about the full investigation. *City of Carrollton*, 490 S.W.3d at 202 ("I.e., notes revealing "the offense committed, location of the crime, identification and description of the complainant, the premises involved, the time of the occurrence, property involved, vehicles involved, description of the weather, a detailed description of the offense in question, and the names of the investigating officers." citing *Houston Chronicle Publishing Co. v. City of Houston*, 531 S.W.2d 177, 186–87 (Tex. App.—Houston [14th Dist.] 1975), writ refused n.r.e., 536 S.W.2d 559 (Tex. 1976) (per curiam)).

The Public Information Act's invocation to liberally construe the statute in favor of granting a request for disclosure supports the release of the kinds of basic information here itemized, especially when there is nothing on the record to show that the release of the information would interfere with the detection, investigation or prosecution of criminal acts. Tex. Government Code §552.001(b); Tex. Civ. Prac. & Rem. Code §30.006(c)(2).

F. APPELLEES HAVING FAILED TO NEGATE THE ISSUES RAISED THEREIN APPELLANT RELIES ON APPELLANT'S CORRECTED BRIEF FOR ANY REMAINING ISSUES

Attorneys, as advocates, are required to zealously represent their clients and should be able to have strenuous adversarial arguments and disagreements outside the court room without one attorney making the extrajudicial discussions a basis for a sanction by a court. CR.96; CR.33-40 (being Appellees self-serving extrajudicial accusations tendered without any corroborating evidence). Appellees reliance on *In re H.M.S.*, 349 S.W.3d 250 (2011) is flawed because that case involved an attorney who filed a frivolous motion to recuse the judge for which specific rules permit the award of sanctions. That is not the case here. As to Appellees conclusory arguments and unsubstantiated claims[56] Appellant relies on Appellant's Corrected Brief[57] asserting that there is insufficient evidence in support of the 429th judgment, the 429th abused her discretion, and Appellees brief fails to negate any issues raised therein.

## PRAYER

Appellant prays that this Court reverse the entire judgment of the 429th Court.

---

[56] Referring to Appellees brief at 23-35 launching an unsubstantiated campaign of calumny against Appellant by making accusations that are simply not supported by the record. Nothing shows bad faith toward any court.

[57] Appellant holds to faith that the pending Motion for leave will be granted.

Respectfully submitted,

**U. A. C. OFFOBOCHE LAW FIRM**

/s/ Ugalahi Agbo Claire Offoboche
Ugalahi Agbo Claire Offoboche
State Bar No. 24068619
675 Town Square Blvd., Bldg. 1A, Ste. 200,
Garland, TX 75040
Ph: 469-315-0358
Fax: 214-853-5708
ugy@uacoffobochelaw.com
**PRO SE ATTORNEY APPELLANT**

# CERTIFICATES

a. <u>Certificate of Compliance</u>

I, the undersigned attorney, do hereby certify that the brief herein does not exceed the 7,500 word limit of Rule 9.4, T.R.A.P., relying on the word count of Microsoft 365, this brief contains 7,500 computer generated words, not including the caption, table of contents, index of authorities, signature, proof of service, certificate of compliance, and certificate of service. The text in the body of the brief is a 14-point font, and the footnotes are in 12-point font.

/s/ Ugalahi Agbo Claire Offoboche<br/>Ugalahi Agbo Claire Offoboche

b. <u>Certificate of Service</u>

I certify that on September 15, 2025, I served a true and correct copy of above and foregoing on all counsel of record for appellees via simultaneous efiletexas.org eservice upon filing including on:

Robert J. Davis
bdavis@mssattorneys.com
and
Kyle T. Barry
kbarry@mssattorneys.com
**Counsel for Appellees**

/s/ Ugalahi Agbo Claire Offoboche<br/>Ugalahi Agbo Claire Offoboche

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ugalahi Offoboche
Bar No. 24068619
ugy@uacoffobochelaw.com
Envelope ID: 105617239
Filing Code Description: Other Brief
Filing Description: Appellant's reply brief
Status as of 9/16/2025 7:08 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ugalahi UgyOffoboche | | ugy@uacoffobochelaw.com | 9/15/2025 11:57:53 PM | SENT |
| Robert J.Davis | | bdavis@mssattorneys.com | 9/15/2025 11:57:53 PM | SENT |
| Robert J.Davis | | bdavis@mssattorneys.com | 9/15/2025 11:57:53 PM | SENT |
| Robert J.Davis | | bdavis@mssattorneys.com | 9/15/2025 11:57:53 PM | SENT |
| Kyle T.Barry | | kbarry@mssattorneys.com | 9/15/2025 11:57:53 PM | SENT |
| Kyle T.Barry | | kbarry@mssattorneys.com | 9/15/2025 11:57:53 PM | SENT |